## KURTZE *v.* McCORD.

JURISDICTION *of probate court to try appeals.* One who appeals from the judgment of a justice of the peace to a probate court, and goes to trial in the latter court without objection, cannot question its appellate jurisdiction.

TRIAL — *before the court.* If neither party demand a jury, a probate court may try an issue of fact without a jury.

*Error to Probate Court, Jefferson County.*

HALLETT, C. J., did not sit in this case.

Messrs. BROWNE & MECHLING, for plaintiff.

Mr. ALFRED SAYRE, for defendant.

GORSLINE, J. The defendant in error, John N. McCord, sued the plaintiff in error before a justice of the peace, and on the 3d day of April, 1865, recovered the sum of $49.50 damages, and costs taxed at $33.60. The defendant below then appealed to the probate court of Jefferson county, and filed his appeal bond. The appeal was tried at the June term of the probate court, and the defendant in error recovered a judgment for the sum of $125.90 and costs of suit, to reverse which judgment this writ of error is brought. The principal errors assigned are, that the probate court had no appellate jurisdiction from justices of the peace, and that

the probate judge assessed the damages without the intervention of a jury. We think it unnecessary to discuss the question whether the law conferring appellate jurisdiction upon the probate courts has been repealed or not, for in this case the plaintiff in error not only submitted himself to the jurisdiction of the probate court, but by taking the appeal *thrust* himself into the jurisdiction. It cannot be, nor is it denied, but that the probate court had jurisdiction of the subject-matter, and by the parties voluntarily appearing and going to trial they waived all objections as to jurisdiction of the parties. *County of Randolph* v. *Ralls*, 18 Ill. 29. The cases referred to in the brief of the plaintiff in error are a class of cases where the court had no jurisdiction of the subject-matter, and are therefore unlike the one at bar. As to the other error assigned and above referred to, we fail to see upon what ground it is based. The statutes cited refer to cases where a default has been taken, and the cause is referred in some cases to the clerk, and in others to a jury to assess the damages. No such state of facts exist here, for the record shows that both parties appeared, and the cause was tried by the probate judge, as by law he could properly, neither party having demanded a jury. It was not an assessment of damages, but a trial of the merits on an issue made. There were some other errors assigned which were not argued, and which we suspect are not relied upon.

The judgment of the probate court is affirmed, with costs.

*Affirmed.*