## SMITH et al. *v*. DISTRICT COURT OF ARAPAHOE COUNTY.

1. The repeal of a statute conferring jurisdiction takes away all right to proceed under the repealed statute, even in suits pending at the time of the repeal, unless they are saved by a clause in the repealing statute.

2. Where the appellate court might have original jurisdiction over the subject-matter of an action, the parties voluntarily appearing and going to trial will thereby waive all objections as to jurisdiction over the person. And where a party once submits himself to the jurisdiction of the court, he may not be permitted afterward to challenge it at his pleasure.

*Petition for writ of prohibition.*

THE petitioners brought suit before a justice of the peace in Arapahoe county, against Wolfe Londoner. A trial was had, and on the 10th of October, 1872, a judgment was rendered for the plaintiffs for $201.45. On the 31st day of that month, the defendant prayed and obtained an appeal to the probate court of said county. On the 20th day of November, 1873, the cause was again tried *de novo* in the latter court, on appeal, and a judgment was rendered for the plaintiffs for the same sum. On the 1st day of December, 1873, the defendant prayed and obtained an appeal to the district court. Before the trial of the case in the district court, the law giving appellate jurisdiction to the latter court was repealed.

Appellees, before the trial of the case in the district court, moved to dismiss the appeal, on the ground that the unconditional repeal of the act of 1872 took away all jurisdiction, and that the judgment of the probate court thereby became final, and beyond the power of the district court to review. The motion was denied, and the cause was afterward tried. The jury failed to agree. At a subsequent term of the court, the appellees renewed their motion, which was also denied, and as the district court again announced its intention to try, application was made for this writ of prohibition.

Messrs. BUTLER & WRIGHT, for petitioners.

Messrs. MILLER & CLOUGH, for respondent.

ELBERT, J. The act of 1872 (9 Sess. Laws, 105) provided for appeals from the final judgments and decisions of probate courts to the district court.

This act was repealed, so far as it applied to the probate court of the county of Arapahoe, by the act of 1874 (10 Sess. 217). The repealing act took effect from and after its passage, and contained no saving clause as to actions pending on appeal.

In the case of *Harrison* v. *Smith*, 2 Col. 625, it was held that an appeal pending under the act of 1872 was rightfully dismissed by the appellate court for want of jurisdiction. The court says: "The repeal of a statute conferring jurisdiction takes away all right to proceed under the repealed statute, even in suits pending at the time of the repeal, unless they are saved by a clause in the repealing statute."

The appeal proceedings which are sought to be prohibited by our writ was one taken under the act of 1872, and was pending and undetermined at the time of its repeal. We have considered the case of *Harrison* v. *Smith*, cited *supra*, and see no reason for change or modification of the doctrine there announced. The facts disclosed by this

record, however, present the additional question, whether the appellate court may not proceed with the trial in virtue of its original jurisdiction of the subject-matter, the petitioners having expressly or impliedly consented thereto.

In the case of *Kurtze* v. *McCord*, 1 Col. 164, Justice GORSLINE says: "We think it unnecessary to discuss the question whether the law conferring appellate jurisdiction upon the probate courts has been repealed or not, for in this case the plaintiff in error not only submitted himself to the jurisdiction of the probate court, but, by taking the appeal, *thrust* himself into the jurisdiction. It cannot be, nor is it denied, but that the probate court had jurisdiction of the subject-matter, and by the parties voluntarily appearing and going to trial, they waived all objections as to jurisdiction of parties."

In the case of *Lyon* v. *Washburn*, 3 Col. 204, Justice WELLS says: "At the close of the case made by the plaintiff in the court below, the defendant put in his testimony and submitted the whole matter to the determination of that court upon the merits without excepting to the jurisdiction in any form. The tacit stipulation which is to be implied from his conduct in this respect is equivalent in its effect to an express waiver of the objection, and inasmuch as the probate court might have entertained the controversy, if the cause had been an original one, the jurisdiction cannot now be questioned."

In the case of *Randolph County* v. *Ralls*, 18 Ill. 29, the consent of the parties appeared upon the record, and the court say: "The circuit court then had original jurisdiction of the subject-matter, and the parties by voluntarily appearing and consenting to a trial between them upon the subject-matter, waived all objection to jurisdiction of parties.

"The suit stood, so far as the jurisdiction of the court is concerned, the same as if it had been originally commenced in the circuit court in the ordinary way, and the parties brought in by the service of process, or as if they had vol-

untarily entered their appearance without any previous proceedings and without objection gone to trial.   *   *   *

"The rule is that jurisdiction of the subject-matter cannot be conferred upon the court by consent of parties, nor can want of it be waived, but where the law confers upon the court original jurisdiction of the subject-matter, full appearance, without objection, confers upon the court jurisdiction of the persons and it may then be adjudicated."

The cases of *Allen v. Belcher*, 3 Gilm. 594, and *Bisher v. Richards*, 9 Ohio St. 498, are in support of the same doctrine. It appears from the record that at the April term, 1874, and subsequent to the repeal of the act of 1872, the petitioners appeared in the appellate court, and caused the case to be docketed and moved the court for an order requiring the appellant to pay the docket fee, which motion was granted.

At the following September term the petitioners interposed a motion to dismiss on the ground of want of jurisdiction arising from the repeal of the law granting it.

This motion was denied, and it does not appear that the petitioners *excepted* to the ruling. Whether in view of petitioners having docketed the cause and moved for costs, this ruling was proper, we need not say, as they appear afterward to have consented to the jurisdiction.

At the April and September terms, 1875, the cause was *thrice* set for trial, "as well the plaintiff as the defendant consenting thereto," as appears from the record. Subsequently the petitioners went to trial without objection, introduced evidence and submitted the issues to a jury. The jury having failed to agree, the cause, at the October term, 1876, and again at the January term, 1877, was set for trial, "as well the plaintiff as the defendant consenting thereto." At the January term the petitioners again interposed a motion to dismiss on the same grounds as before.

It was perfectly competent for the petitioners, after having interposed their motion to dismiss the appeal for

want of jurisdiction, either before or after it was denied, to waive the objection.

That they did so, abundantly appears from the record, as we have shown.   Having once submitted themselves to the jurisdiction of the court, they could not again challenge it at pleasure.   To permit it would be trifling with courts and the rights of parties.

Whether, if an exception had been saved to the ruling of the court on the motion to dismiss, any different conclusion would follow we need not decide.

The writ must be denied with costs.

*Writ denied.*