### TODD ET AL. V. DE LA MOTT.

1. Under the statute the right of appeal from the county to the district court is conferred only upon the party against whom the judgment has been rendered.
2. A motion filed after the adjournment of the court, and not acted upon, is not such an appearance as to give the court jurisdiction over the person filing the motion.

*Error to District Court of Park County.*

THE facts are stated in the opinion.

Mr. M. J. BARTLEY, for plaintiffs in error.

Messrs. R. D. THOMPSON and WILKINS and BAILEY, for defendants in error.

BECK, C. J.    The present action was originally insti-. tuted in the county court of Park county, by De La Mott, the defendant in error.    His complaint alleged that the East Leadville Mining Company was indebted to him for labor performed upon various mines, and for mining materials and merchandise, amounting in the aggregate to the sum of $1,998.27.    The company demurred to the complaint, and, upon the overruling of the demurrer, answered, denying each and all of the claims stated in the complaint, and denying that said copartnership was, in any manner, indebted to the plaintiff.    The case was tried to the court, a jury being waived, on the 22d day of August, 1881, and resulted in a finding and judgment for said plaintiff, De La Mott, in the sum of $307.71. Being dissatisfied with his judgment, he prayed an appeal to the district court of said Park county, which was granted, and the cause was tried *de novo* in the said district court.    At the December term, 1881, the defendant made no appearance therein, and the plaintiff recovered judgment for the full amount of his claim, $1,998.27. The mining company has brought the cause to this court for review by writ of error.

The errors assigned deny the jurisdiction of the district court to entertain an appeal from the county court in a cause wherein the judgment was in favor of the appellant.    The statute then in force, authorizing appeals from the county court to the district court, provides that "*appeals may be taken from all final judgments or decrees of said county courts to the district court of the same county, by any one of the parties against whom any such final judgment may have been rendered,*" etc.    Gen. Laws, § 575.    It will be observed that the *right* of appeal is conferred only upon the party *against whom the judgment has been rendered*.    The language of the statute is conclusive as to the right of appeal, and equally conclusive upon the jurisdiction of the appellate tribunal to entertain an appeal.    The jurisdiction cannot be broader

than the right granted; at least, in the absence of consent of parties, which may work an estoppel under certain circumstances.

The code provision of 1879, section 26, authorizing appeals from the district and county courts to the supreme court, did not specifically limit the right of appeal to the party against whom the judgment was rendered, as does section 575, *supra*. But in construing that provision we held that the conditions upon which appeals were authorized could only apply where the party against whom the judgment was rendered was the appellant. The conditions referred to were that the appellant should pay the judgment, costs, interest and damages in case the judgment should be affirmed. *Hall v. Pay Rock Con. Min. Co.* 6 Colo. 81. The section under consideration (sec. 575, Gen. Laws), as we have seen, first limits the appeal to the party or parties against whom a final judgment or decree has been rendered. It then requires, in case of a money judgment, an appeal bond "in double the amount of the judgment or decree appealed from;" and among the conditions prescribed for the bond is the following: "And for payment of the judgment appealed from, in case said appeal shall be dismissed." That the section only gives the right of appeal to the unsuccessful party is too plain to require further consideration. This and other courts have held that where the appellate court has original jurisdiction of the subject-matter, and the parties voluntarily appear and go to trial on the merits, without exception in any form to the jurisdiction, such conduct is a waiver of the objection, and the jurisdiction cannot afterwards be questioned. *Smith v. District Court,* 4 Colo. 235, and cases cited. Although the foregoing rule is invoked in favor of the jurisdiction of the district court in the present case, it is wholly inapplicable, for the reason that the defendant made no appearance in the district court.

The point is made that defendant below waived the

question of jurisdiction by filing a motion after judgment, supported by affidavits, praying the district court to set aside the judgment, and to grant the defendant a new trial. The record shows that this motion was filed after the court had adjourned for the term, and it does not show that the court ever acted upon it. There is no force in the proposition that the jurisdiction was waived. This writ of error lies to a judgment rendered by the district court against a defendant over whom it had no jurisdiction. There was no submission of the cause, either express or implied, to the jurisdiction of the appellate court; hence its judgment is invalid.

The only mode of review of the judgment rendered in this case by the county court is by writ of error thereto from this court.

The judgment of the district court is reversed, with directions to dismiss the appeal.

*Reversed.*