## MACKEY v. BRIGGS.

1. APPEALS FROM COUNTY COURTS — JURISDICTION OF DISTRICT COURT. The regularity of the appeal is not essential to the jurisdiction of a district court in a case appealed thereto from a county court, where the parties to the action go to trial in the district court without objection by the appellee. The rule prevails, in such case, that where the appellate court has original jurisdiction of the subject-matter, and the parties voluntarily appear and go to trial on the merits without exception, their conduct amounts to a waiver of the objection, and they cannot afterwards object.

2. DEPOSITIONS OF RESIDENT WITNESSES.— By code 1887, section 346, depositions of witnesses residing in the state, but outside the county where the case is tried, may be taken under a *dedimus* with interrogatories, without service of an affidavit, and in the same manner as the testimony of a witness residing out of the state.

3. PURCHASE BY AGENT OF UNDISCLOSED PRINCIPAL — INSTRUCTIONS.— An instruction that, if the defendant bought wood from the plaintiff for another person without disclosing his agency, he thereby rendered himself liable for its value at the plaintiff's option, the latter having neither knowledge nor notice of the agency, states the law correctly. It is no ground of objection to the judgment of a trial court, that the court failed to instruct the jury upon a point concerning which no instruction was asked.

4. ERROR BASED ON REFUSAL TO GRANT A NEW TRIAL.— Where the verdict of the jury is abundantly supported by the testimony, and no evidence of passion or prejudice on part of the jury appears, the supreme court will not disturb the judgment, whatever its opinion may be as to the weight or preponderance of the evidence.

*Appeal from District Court of Gilpin County.*

Messrs. PATTERSON & THOMAS, for appellant.

Mr. W. C. FULLERTON, for appellee.

BISSELL, C. In 1887 Leonard Briggs brought suit against the defendant, Richard Mackey, in the county court of Gilpin county, to recover $75.62 as a balance due him for wood furnished at the Post Hole mine in Gilpin county.

The case seems to have been tried in the county court, although the record is silent as to the rendition of a judgment in that tribunal. It ultimately got into the district

court, and there pleadings were filed by the respective parties, and the case was tried upon the issues thus formed, counsel appearing for both parties. The regularity of the appeal is questioned, and the jurisdiction of the district court is attacked here because the record fails to show the taking of the various steps prescribed by the statute to bring the case by appeal from the county court to the district court. It is urged, and apparently with some degree of confidence, that the acquirement of jurisdiction by the district court, through the appeal, must regularly appear, and that without it that court would be entirely without jurisdiction to hear and determine the cause. However true this principle might be when applied to courts having an exclusive appellate jurisdiction, it is inapplicable to the determination of the jurisdiction of the district court when a case is brought there upon appeal from the county court. The district courts of this state are courts of general jurisdiction, and, as is apparent from the record, that court, sitting in Gilpin county, had jurisdiction both of the subject-matter of the suit and of the parties to the action. When the case was brought to the district court, the parties appeared in person and by counsel, and the case was tried to a jury without objection from the defendant. Under these circumstances he cannot be heard to complain. This court has decided that wherever the appellate court has original jurisdiction of the subject-matter, and the parties voluntarily appear and go to trial on the merits without exception, their conduct amounts to a waiver of the objection, and they cannot afterwards object. *Todd v. De la Mott*, 9 Colo. 222.

The remaining errors assigned and discussed relate to matters occurring during the progress of the trial. It appears that prior to the hearing the plaintiff sought to take the testimony of one Richter, who was residing in Denver. For that purpose he sued out a *dedimus*, and thereunder, upon interrogatories filed, the deposition of the witness was taken. A motion was made to quash this deposition because

the witness was a resident of the state, and no affidavit was served as provided by section 368 of the code. The objection to the deposition was very properly overruled by the court. The objection was not well taken, since it was not sought to take the deposition of the witness in the manner and form provided for by the chapter which contains the provisions making the service of an affidavit of the party essential to its regularity. The deposition of witnesses residing in the state, but outside of the county where it is to be tried, may be taken under a *dedimus*, with interrogatories, in the same manner precisely as the testimony of a witness residing out of the state may be taken. Sec. 346, Code 1887. To entitle parties to proceed in that manner they are required by the statute to take only those steps prescribed for the taking of testimony of witnesses residing out of the state. The service of the affidavit then becomes unnecessary. It was not error for the court to refuse to quash the depositions for the reasons assigned.

The only other objections relied upon by counsel for appellant are based upon the instructions given by the court, and its refusal to grant a new trial upon the case as made to the jury. The instructions which are complained of relate to the right of the vendor of property to hold either the undisclosed principal or the agent to whom the property is sold. The court observed the law in the instructions which it gave, and very properly told the jury that if the defendant, at the time that the wood was delivered, failed to disclose the fact that he was acting as an agent, he rendered himself liable for its value, and the plaintiff, being without notice or knowledge of the agency, was at liberty to elect to hold him, even though he might afterwards ascertain that one Richter was the principal in the transaction. That the agent may be held, under such circumstances, there can be no doubt.

The appellant likewise complains that the court failed to instruct the jury that they were at liberty to find, from the demand made by the plaintiff upon another agent of the

undisclosed principal, who was there for the purpose of settling the claims against the mine, that he had made his election by which he was bound. No instruction upon this subject was asked by the appellant. If an instruction embodying that idea was desired by the appellant, he should have requested the court to instruct the jury specifically upon that subject. It would not have been error for the court to have refused, upon the case as made, to modify its instructions according to appellant's present contention. There is nothing whatever in the record which either proves or indicates that the plaintiff intended to make an election when he requested payment of the individual, who was there apparently to settle the accounts of the Post Hole mine. The request, under the circumstances under which it was made, would not amount to an election binding upon the plaintiff.

The only remaining error discussed is the one based upon the refusal of the court to grant a new trial upon the case as it went to the jury. The case seems to have been fairly tried. There is evidence enough in the record to support the verdict, and there is nothing which discloses either passion or prejudice on the part of the jury. Under these circumstances, when the verdict is abundantly supported by the testimony, this court will not disturb the judgment, whatever their opinion may be in regard to its weight or its preponderance. There is no error apparent upon the record. The judgment should be affirmed.

REED and RICHMOND, CC., concur.

PER CURIAM. For the reasons stated in the foregoing opinion the judgment is affirmed.

<em>Affirmed.</em>