## Coe et al. v. Britton et al.

1. Appeal from County to District Court, Notice of.

Upon failure to comply with the requirements of the statute (Sess. Laws, 1885, p. 159) relating to notice of an appeal from a county to a district court, the appellee had an absolute right to have the appeal dismissed or the judgment affirmed, but the right could be waived, as by going to trial without raising the objection.

2. Practice in Civil Actions—Notice of Motions.

Written notice of motions is required in all cases except those made during the progress of a trial, and such notice must be served within the time and in the manner prescribed by law. Until notice is served there is no motion which the court has power to consider.

3. Same.

Where the motion of appeal from the judgment of a county court was served before service of notice of a motion to dismiss the appeal, upon the ground of a failure to comply with the requirements of the statute with respect to notice, the motion to dismiss should have been denied.

*Error to the District Court of Chaffee County.*

Messrs. McCoy & McCoy, for plaintiffs in error.

Mr. G. K. Hartenstein, for defendants in error.

Thomson, J., delivered the opinion of the court.

The appellees brought suit in the county court of Chaffee county against B. F. Reeve. A writ of attachment was sued out, by virtue of which certain goods of the defendant were seized. The appellants intervened, claiming the property

under a chattel mortgage executed to them by Reeve. The cause was tried and the plaintiffs had judgment against Reeve, but the claim of the intervenors was disallowed and the, petition of intervention dismissed. They prayed an appeal to the district court, which was allowed, the appeal bond to be filed within ten days. On the 26th day of March, 1892, and within the time fixed, the bond was duly filed; and on the 28th the record was filed with the clerk of the district court. No notice that the appeal was taken having been served upon the plaintiffs or their counsel, on the 22d day of June, 1892, they filed their motion to dismiss the appeal for that reason. No notice of the motion was ever given. On the 1st day of August, 1892, written notice of the appeal, in due legal form, was served upon the attorney of record of the plaintiffs, who on that day indorsed upon it his acceptance of service. On the 2d of August, 1892, the cause was heard upon the motion of plaintiffs to dismiss the appeal, and the motion was sustained.

The statutory provisions concerning appeals from county to district courts, upon which the judgment of dismissal was based, are as follows :

"SEC. 4. If the appeal be not taken on the same day on which the judgment is rendered, the appellant shall serve the appellee, or his attorney of record, within five days after the appeal is taken, with a notice, in writing, stating that an appeal has been taken from the judgment therein specified, which notice shall be served by delivering a copy thereof to such appellee, or his attorney of record. If the appellant fail to give notice of his appeal when such notice is required, the appellee may, at any time before such notice is actually served, and after the time when it should have been served, have the judgment of the county court affirmed or the appeal dismissed, at his option." Session Laws, 1885, p. 159.

Where notice that an appeal has been taken is not given within five days after it is taken, it is the absolute right of the appellee to have it dismissed or the judgment affirmed. *Webber v. Brieger*, 1 Colo. App. 92; *Law v. Nelson*, 14 Colo.

409. But this is a right of which he may avail himself or not, as he may see fit. If he should go to trial without raising the objection, the right to do so would be forever gone. *Mackey v. Briggs*, 16 Colo. 143. To procure the disposition of an appeal which the statute authorizes, some direct action on the part of the appellee is necessary. He must make application to the court for the purpose, and if the application be not made till after service of notice of the appeal, it will be too late. Service of notice of appeal must be made within five days after the appeal is taken, but if there is a default in this particular, the appeal will still be saved if the notice is served before the adverse party has asserted his right to a dismissal or an affirmance. This is clear from the language of the statute.

In this case the motion to dismiss was filed on the 22d day of June, and the notice of appeal was not served until the 1st day of August; but on the last named day no notice of the motion had been given, nor was it ever given. Written notice of motions is required in all cases except those made during the progress of a trial, and the notice must be served upon the opposing party or his attorney within the time, and in the manner, which the law has prescribed. Secs. 372–378, Civil Code. We have held that without such notice, unless it is waived, the court has no jurisdiction to pass upon a motion. *Taylor v. Derry*, 4 Colo. App. 109. Until notice is served there is no motion which the court has any power to consider. An application for an order is not regarded as having been made until the time of the service of the notice, so that when the plaintiffs received notice of the appeal there was in effect no motion pending to dismiss it. *Straat v. Blanchard*, 14 Colo. 445, 448.

It is contended, however, that this notice was waived by the appearance of counsel at the hearing. The record recites a special appearance only of the attorneys for the intervenors, but at the time of the appearance it was not material whether it was special or general. The appearance to the motion could have no effect except from the time at which

it was made.  The hearing was August 2d and the notice of appeal was served August 1st.  At the time of the hearing every thing necessary to make the appeal perfect and complete had already been done.  The intervenors were then legally in court and entitled to a trial *de novo* of their case; and this fact furnished the very reason why the motion should have been resisted, and was the very ground upon which it should have been denied.

There is an affidavit in the transcript which recites that after the motion was filed, and before the notice of appeal was given, the motion was called in open court, set for hearing, and continued on several occasions, in the presence of counsel for the intervenors, who participated in some discussion which arose in connection with the motion.  What the nature of the discussion was is not stated. · There is nothing in this upon which a general appearance to the motion could be predicated.  *Hayes v. James*, 1 Colo. App. 130.

The judgment was erroneous and must be reversed.

*Reversed.*