Wilson, J.,
delivered the opinion of the court.
Defendants in error received from the county clerk of Las Animas county and published in their newspaper the official ballot for the election of 1895, as required by statute. There was no agreement as to the amount to be charged for the publication. Thereafter, they presented to the board of county commissioners a bill for their services in the sum of $528. This was allowed to the amount of $470.25. Soon after, they presented another bill for $57.75, the balance due on the original bill. Upon this the commissioners on January 8,1896, allowed $2.75, and disallowed the balance. From this action of the board, an appeal was taken to the district court, under the provisions of sec. 547, Gen. Stats. The required appeal bond was executed and presented to the county clerk on February 8, and was by him approved on the same day. The clerk of the board then made out, as required by sec. 548, Gen. Stats., a return of the proceedings in the case before the commissioners, with their decision thereon, and this, together with the bond, was filed with the clerk of the district court on April 6, 1896. At the May term of the district court following, the cause was called and set for trial on the 26th of *478 May. On the day set for trial, the county attorney presented a motion to dismiss the action, upon the ground that the bond had not been filed within thirty days from the date of the commissioners’ action from which an appeal was being taken; and also for the reason that no notice of appeal had been served upon the clerk of the board. This motion was denied by the court upon the ground that if there had been any irregularities in the appeal, there had been a waiver of them by the defendant. The case then proceeded to trial to the court, without a jury; testimony was offered on both sides, and the findings of the court and judgment were in favor of the plaintiffs.
The principal question in this case was before this court in Board of Commissioners of Pitkin County v. Price et al., 10 Colo. App. 519; and was determined adversely to the contention of the plaintiff in error. It was there held that the provisions of sec. 1428 of the general statutes, fixing the fees for the publication of all legal advertisements, do not apply to the publication of the official ballot under the election laws. In this case, in the absence of a special agreement as to price, the publishers were entitled to recover the value of the services. It is unnecessary to add anything on this point to what was said in that opinion.
It is insisted, however, that the motion to dismiss the appeal should have been sustained, and that its denial was error for which the judgment in this cause must be reversed. This might be true, although we do not decide the point, if it had not been for the action of the county, subsequent to the denial of the motion. The county attorney, as the legally authorized representative of the county commissioners, appeared at and took part in the trial immediately following the refusal of the court to sustain the motion. He cross-examined the witnesses for the plaintiff, and the testimony of witnesses was offered and heard in hehalf of the county. By such action, he clearly waived his right to insist upon the want of jurisdiction of the court. This principle has been repeatedly affirmed by the supreme court of this state and by this court. Smith *479 et al. v. District Court, 4 Colo. 238; Todd v. De La Mott, 9 Colo. 222; Mackey v. Briggs, 16 Colo. 143; Coe v. Britton, 5 Colo. App. 87. In the case first cited, the court said: “ The rule is that jurisdiction of the subject-matter cannot be conferred upon the court by consent of parties, nor can want of it be waived; but where the law confers upon the court original jurisdiction of the subject-matter, full appearance without objection confers upon the court jurisdiction of the persons, and it may then be adjudicated.” It cannot be denied that in this ease the court had full original jurisdiction of the subject-matter. The plaintiffs need not necessarily have taken an appeal from the action of the commissioners in disallowing their claim in part. They might have instituted suit for it directly in the district court. Nor can it be contended that the county did not waive its right because the motion was presented and denied before it entered a general appearance and took part in the trial. In Smith v. District Court, supra, it was said, “ It was perfectly competent for the petitioners having interposed their motion to dismiss the appeal for want of jurisdiction, .either before or after it was denied, to waive the objection.” If plaintiff in error had intended to insist upon its motion, it should not have appeared nor taken part in any of the subsequent proceedings. By so doing, it as effectually waived its right to insist upon want of jurisdiction as if the motion had not been made at all.
It is also assigned for error that the court erred in its rulings upon the admissibility of numerous and various questions of evidence during the trial of said cause. This assignment is entirely too general in its character to receive consideration under the rules and numerous decisions of this court. Our attention is not called to any particular ruling of the trial court, admitting or excluding any evidence, to which objection is made. We find no error in the proceedings, and the judgment will be affirmed.

Affirmed.