[No. 2210.]

ENGEL ET AL. V. ATKINSON ET AL. .

1. Appeal from County to District Court—Defective Appeal Bond —New Bond.

Where an appeal was prayed from the county to the district court by two joint defendants in a cause of which the district court had original jurisdiction, and the appeal bond was signed by only one of the defendants, upon motion to dismiss the appeal the district court properly allowed the defendants to file a new bond with the signatures of both defendants and denied the motion to dismiss.

2. Same—Appearance—Waiver—Jurisdiction.

In an appeal from the county to the district court of a cause wherein the district court had original jurisdiction where the appellees moved to dismiss the appeal because of a defective appeal bond which was denied and the appellees did not stand on their motion but proceeded to take part in the trial of the cause upon its merits, they thereby entered their general appearance and waived all irregularities in the manner of the appeal affecting the court's jurisdiction of their persons.

3. Bills and Notes—Action Upon—Defense—Partnership.

In an action upon a promissory note payable to. E. & E., where it was alleged that E. & E. was a copartnership firm and that plaintiffs were the partners, an answer which denied that

plaintiffs composed the firm of E. & E. to whom the note was payable and denied their ownership and alleged that one S. E. was the sole member of the firm of E. & E. to whom the note was payable and was then the owner thereof, and which alleged a defense which would be good as against S. E. but which would not be good as against plaintiffs, stated a sufficient defense to the action.

*Error to the District Court of Arapahoe County.*

*On Rehearing.*

Mr. Henry Howard, Jr., and Messrs. Allen & Webster, for plaintiffs in error.

Mr. H. A. Lindsley, for defendants in error.

Wilson, P. J.

This suit was brought to recover balance due upon a promissory note. The note was signed by defendant E. A. Atkinson, and was endorsed by Mrs. A. Atkinson, but the complaint alleges facts which, it is claimed, made Mrs. Atkinson jointly liable and chargeable as a maker. The note was for the principal sum of $150.00, with interest from date at the rate of five per cent. per month, and was payable to the order of Engel & Engel. The complaint alleged that the plaintiffs were at the time of the execution of the note and at all times mentioned copartners doing business as Engel & Engel. The defendants answered separately. Each admitted the execution of the note, but denied that the plaintiffs were then, or ever had been, the owners or holders of the note, and that they were or ever had been copartners doing business as Engel & Engel, and alleged the fact to be that one Samuel Engel was then and at all times had been the owner and holder of the note. As a further defense, Mrs. Atkinson alleged that she had paid on the note, after its maturity, to said Samuel Engel, the sum of $40.00, and that this should be allowed as an additional credit

thereon. E. A. Atkinson also set up as a further defense that he was simply an accommodation maker for Mrs. Atkinson; that he had signed the note in blank, without date, amount or time of payment, and delivered the same to her with authority to fill in the blanks, making the amount $150.00, due in thirty days from date, with interest at the rate of eight per cent. per annum; and that these facts were well known to Samuel Engel, at and before the time when he received the note and loaned the money to Mrs. Atkinson. He further set up as a defense that after the maturity of the note, and while he was the legal owner and holder thereof, the said Samuel Engel, with full knowledge that defendant was an accommodation maker and surety, for a valuable consideration extended the time of payment, without his knowledge or consent.

The case was originally commenced in the county court, and from thence appealed by defendants to the district court. On the day it was docketed in the district court the plaintiffs, appearing specially, moved the dismissal of the appeal on the ground that defendants had prayed a joint appeal, and that the appeal bond was signed by only one of them. Within forty-eight hours thereafter, the defendants presented a motion asking leave to file within a reasonable time to be fixed by the court, a good and sufficient bond. On hearing of both motions, the plaintiffs' motion to dismiss the appeal was denied, and the defendants were permitted to file an appeal bond signed by both, and in proper form. Plaintiffs assign this for error. The part of the statute applicable and under which the court acted reads as follows: "And provided further, that no appeal shall be dismissed on account of a defect or informality in the undertaking or the insufficiency thereof, if the appellant or appellants shall within a reasonable time

to be fixed by the court file a good and sufficient undertaking.''—Laws 1885, p. 159; Mills' Ann. Stats., sec. 1089.

The ruling of the court was not error.—*Wheeler v. Kuhns,* 9 Colo. 196.

There was here an attempted compliance with the requirement of the statute. There was not an entire failure to file a bond. Under the circumstances, the filing of a new bond was in the nature of an amendment—more so, indeed, than in the case of *Wheeler v. Kuhns, supra.* In that the party appealing had not signed the bond at all. Here one of the parties had signed it, but for some reason the other had failed to do so. The defendants promptly appearing, and asking leave to remedy the defect, it was not error to permit them to do so. The ruling came not only within the spirit and intent of the statute, but we think within its terms.

In the case above cited, Judge Helm, speaking for the court, said: ''The approval by the court which tried the cause of the imperfect obligation given in good faith and the transmission thereof to the appellate tribunal, entitled appellant to the benefit of the corrective statute.''

Conceding, however, that the case presented did not come within the terms of the corrective statute, and that the denial by the district court of the motion to dismiss was error, yet there is still another conclusive reason why it was not reversible error. It cannot be questioned that the district court had full jurisdiction of the subject-matter of the appeal. The regularity or irregularity of the appeal affected only the jurisdiction of the person. Appellees did not stand upon their motion to dismiss, but upon its denial proceeded to take part not only in one, but two subsequent trials of the cause on its merits. Thereby they entered their general appearance, and waived

all irregularities in the manner of the appeal affecting the court's jurisdiction of their persons.—*Las Animas County v. Stone & Goodale,* 11 Colo. App. 476; *Smith v. District Court,* 4 Colo. 238.

In the latter case the court said: ''It was perfectly competent for the petitioners, after having interposed their motion to dismiss the appeal for want of jurisdiction, either before or after it was denied, to waive the objection.''

There is a clear distinction upon principle and on authority between the effects of irregularities in appeals to courts having appellate jurisdiction only, and appeals to courts like the district court, which are vested not only with appellate jurisdiction, but also with original jurisdiction of the subject-matter.

The remaining assignments of error discussed by plaintiffs are substantially to the effect that the court erred in holding that the defense interposed by the defendants was sufficient, and in allowing the same to go to the jury, and rendering judgment upon the verdict rendered by the jury.    We think the plaintiffs to some extent misapprehend the character of the defense.    There was no attempt to assert that the payees named in the note were not the real parties in interest.    It appeared upon the face of the note that Engel & Engel was the payee, and this was not denied.    It was alleged that Engel & Engel was a firm, a copartnership, and that the plaintiffs herein were the partners.    This was denied by the defendants, and it was further alleged by them that Engel & Engel was simply the name under which Samuel Engel did business, and that Samuel Engel at all times had been and was then the owner and holder of the note.    Plaintiffs not claiming ownership by assignment, the vital question was, who was the payee —who was or were Engel & Engel.    The answers therefore presented an issue important and material

to be determined, in view of the fact that they disclosed a defense which each of the defendants might have in the event that Samuel Engel was the owner and holder of the note, but which they would not have if the plaintiffs were the owners and holders. The great preponderance of evidence seemed in favor of the fact,—and the jury so found,—that Samuel Engel was the payee of the note, and that he was and at all times had been the owner and holder of it. A finding otherwise would have been equally decisive of the case, because in that event all defense to the action would have fallen.

The judgment was correct and will be affirmed.

*Affirmed.*