[No. 4318.]

THE BOARD OF COUNTY COMMISSIONERS OF ARAPAHOE COUNTY v. THE DENVER UNION WATER COMPANY.

1. **Taxes and Taxation—Correction of Erroneous Assessment—Statutory Construction.**

    Session Laws 1889, page 24, providing a mode of procedure whereby an owner of property which has been erroneously assessed for taxes may have such error corrected, applies only to erroneous assessments of assessable property, and does not apply to a case where taxes have been assessed upon property which could not legally be assessed for taxes.

2. **Appellate Practice—Jurisdiction—Certiorari.**

    Where a board of county commissioners attempted to appeal from a ruling of the district court reversing its action upon a petition to correct an assessment of taxes, and it appears that neither the board of county commissioners nor the district court had jurisdiction, the appellate court may, in the interest of both parties and to avoid a multiplicity of suits, waive informalities and treat the nominal appeal as an application for a writ of certiorari.

3.  **Taxes and Taxation—Relief from Erroneous Assessment—Power of County Commissioners.**

The board of county commissioners has no power, under Session Laws 1889, page 24, to pass upon the question as to whether or not property is assessable for taxes and to relieve a party from an erroneous assessment on the ground that the property is non-assessable.

4.  **Taxes and Taxation—Correction of Erroneous Assessment—Jurisdiction—Pleading—Practice.**

In a proceeding under Session Laws 1889, page 24, to correct an erroneous assessment of taxes, the jurisdiction of both the board of county commissioners and the district court depends upon the averments of the petition filed with the board, and the case as made before the board cannot be enlarged or altered by any pleading filed with the district court after the cause is appealed to that court.

5.  **Appellate Practice—Jurisdiction—Taxes and Taxation—Correction of Erroneous Assessments.**

The rule that where an appellate court has original jurisdiction of the subject-matter, and the parties to an appeal voluntarily appear and go to trial upon the merits without exception, they cannot afterwards object that the court had not appellate jurisdiction, is not applicable to a proceeding under Session Laws 1889, page 24, to correct an erroneous assessment of taxes. Even though the district court would, in a proper case, have original jurisdiction to annul a void or illegal tax laid upon non-assessable property, it has no such jurisdiction upon appeal from the board of county commissioners in the statutory proceeding to correct erroneous assessments, although no objection was made to the jurisdiction.

6.  **Same.**

Since neither the board of county commissioners nor the district court has jurisdiction, in a proceeding under Session Laws of 1889, page 24, to determine whether or not property is subject to taxation, the supreme court has not jurisdiction to determine that question on review of the judgment of the district court.

7.  **Jurisdiction—Waiver.**

Parties may waive objection to jurisdiction so far as it affects them personally, but they cannot, by consent or waiver, confer upon a judicial tribunal jurisdiction of the subject-matter which it does not possess under the constitution and statutes of the state.

**8. Appellate Practice—Cross-Errors.**

Where a constitutional question was ruled in the lower court in favor of appellant, the appellee may not raise such question in the appellate court unless cross-error was assigned thereon.

**9. Appellate Practice—Jurisdiction of Supreme Court.**

Whether or not the general revenue law furnishes an adequate, or any, method for fixing the valuation of franchises for taxation is a question of statutory construction which does not invoke the jurisdiction of the supreme court.

*Appeal from the District Court of Arapahoe County.*

Mr. CASS E. HERRINGTON, Mr. H. C. VIDAL, Mr. GEO. F. DUNKLEE, Mr. O. E. JACKSON, Mr. JOHN T. BOTTOM, Mr. F. E. CARSTARPHEN, Mr. H. A. LINDSLEY and Mr. CHAS. A. BROCK, for appellant.

Mr. CHAS. J. HUGHES, Jr., and Mr. GERALD HUGHES, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of the court.

The county assessor of Arapahoe county added to the tax schedule of The Denver Union Water Company an item which he called a "franchise," and for the purposes of taxation fixed its value at two millions of dollars. Sitting as a board of equalization, the board of county commissioners of the county afterwards reduced this valuation to three hundred thousand dollars, and levied the various taxes upon it. The water company, asserting that this franchise was not taxable either under the constitution or the revenue laws of the state, filed its petition before the board in which it asked, for the reason alleged, to have this valuation canceled and removed from its tax schedule, and to be relieved from payment of any taxes upon it. The petition was denied by the board, and an appeal was taken to the district court. That tribunal held that franchises are taxable property under the constitution, but ruled

that they are not assessable in this state because no general law has been enacted by the general assembly for ascertaining their value, which is an imperative requirement of the constitution, and accordingly granted the relief prayed for. The board seeks to have the judgment of the district court reviewed here on appeal.

Authority for this proceeding, if it exists at all, is to be found in an act of the 7th general assembly published in Session Laws of 1889, page 24, and the parties admit that these proceedings, if maintainable, are so thereunder. It is there provided that whenever an owner of *assessable* property has been unjustly or erroneously assessed thereon for purposes of taxation, he may petition the board of county commissioners of the county wherein the property is assessed, for its correction. In this petition he must describe the property claimed to be unjustly or erroneously assessed, state the sum at which it is assessed, its true cash value, and what is a just assessment thereof compared with other like property. In considering the petition, the board is required to hear all testimony that it produced bearing upon the claim therein made, and shall either grant or refuse the prayer of the petition in whole or in part, as may be just and proper. If the prayer of the petition is denied, in whole or in part, the petitioner is allowed an appeal from the decision of the board to the district court of the county where the trial of the issue is *de novo*. As a condition precedent to the allowance of the appeal, the petitioner must pay the taxes levied on the property upon the assessment as made, and if he succeeds in having the same modified or set aside, the county treasurer to whom the taxes have been paid must refund the same, or such part thereof as the modification requires, whenever a certified copy of the judgment modifying the assess-

ment is presented to him. Such other facts as are material will be stated in the opinion.

1. This act gives to an aggrieved property owner a remedy which, in its absence, he would not have. It prescribes a special procedure to which the person seeking to avail himself of its provisions must conform. It cannot by construction be extended to embrace cases not falling within its letter or spirit. It will be observed that the new right is given, and the new remedy furnished only to an owner of assessable property, and not to one who owns property upon which no taxes can be assessed or levied. In the petition we are considering there is no allegation of the true cash value of the franchise in question, nor is there an averment as to what a just assessment thereon would be as compared with other like property. Even if the petitioner conceded (as it does not) that the franchise was assessable property, its petition would be insufficient to entitle it to a hearing as to whether or not it had been unjustly or erroneously assessed, because of the absence of the necessary allegations to which we have just referred. The case as made by the petitioner in its petition, therefore, must be regarded as an attempt on the part of an owner of property who claims that it cannot be assessed for taxation either because under the constitution it is exempt, or because no general law has been enacted for the ascertainment of its value, and for that reason it is nonassessable, to obtain relief under a statute which provides a remedy only for owners of property conceded to be assessable, but upon which an unjust or erroneous assessment has been made.

2. Having determined that this proceeding, as instituted and conducted before the county commissioners, by which its character was unalterably fixed, is merely an attempt by an owner of property claimed

to be non-assessable to obtain the statutory relief, the inquiry naturally arises whether either the board or the district court had jurisdiction of the proceeding. Berore considering that question, however, we observe that the statute itself does not provide for any review of the judgment of the district court rendered in these proceedings, yet our court of appeals, without comment upon this fact, entertained an appeal from a judgment had thereunder.—*Gillett v. Logan County*, 13 Colo. App. 380. It is also doubtful if the code provisions relating to appeals and writs of error apply to special proceedings, to which this belongs, though in *Catron v. County Commissioners*, 18 Colo. 553, this court, by writ of error, reviewed a judgment of the district court where the constitutionality of this act itself was attacked. But, as our conclusion is that jurisdiction below did not attach, we may waive informalities and treat the proceeding here as an application for a writ of *certiorari*, although the board of commissioners has denominated it an appeal. We do this in the interests of both parties, to avoid a possible multiplicity of actions, and to point out, for the benefit of the district courts and public officials, the scope and limitations of the procedure prescribed by this act.

3. It is too plain for argument that the board of county commissioners did not have power to pass upon the question which the petitioner presented for decision. Whether it denied the petition for the lack of power does not appear from its proceedings, but its decision was right, irrespective of the reasons given therefor. The power of the board, under this statute, is restricted to cases in which relief is asked from an unjust or erroneous tax assessed against property which itself is assessable or taxable, and not against a tax laid on property claimed to be non-assessable.

4. After the appeal was lodged in the district court, the water company filed a complaint which was improper and unnecessary, and should have been stricken from the files upon the motion of appellee. This was decided in *Catron v. County Commissioners, supra.* The question of jurisdiction, both of the board of commissioners and of the district court, depends upon the averments of the petition filed before the board, and the case as made by it cannot be enlarged or altered by any pleading subsequently filed. After the motion to strike the complaint from the files was overruled, the board moved to dismiss the appeal upon the ground that the court was without jurisdiction, which was ruled against it. In this court the objection is not renewed, but counsel apparently have waived it, if that can be done. In *Mackey v. Briggs,* 16 Colo. 143, as well as in earlier cases, this court has held that, where an appellate court has original jurisdiction of the subject-matter, and the parties voluntarily appear and go to trial upon the merits without exception, they cannot afterwards object. The principle of that decision, however, is not applicable here. Under section 11 of article VI, of our constitution, the district courts have original jurisdiction of all causes both at law and in equity; but the proceeding here is neither an action at law nor a suit in equity, but is a special statutory proceeding. It is well settled that neither a court of common law nor a court of equity has the power to give relief against the erroneous judgments of assessing bodies, except as they may be specially empowered by law to do so.—2 Cooley on Taxation (3 ed.), 1382 *et seq.*

The statute under consideration is the source and measure of the power and jurisdiction both of the board of commissioners and the district court, to afford relief to a complaining taxpayer. The remedy

thereby given is purely statutory, and exists only because the statute gives it. Thereunder the district court has not original jurisdiction of the subject-matter of the controversy contemplated, which is the alleged unjust assessment, and could not, in the first instance, but only by appeal, entertain the petition of one bringing his case within it. Whatever the rule may be in civil actions at law or in equity, which for this state is as declared in *Mackey v. Briggs, supra*, it does not govern appeals from an assessing board under this act, which provides a special procedure in which the practice is clearly defined. The doctrine is tersely stated by Judge Cooley, who says that the rule is well established that where an appeal is allowed to any court from an assessing body, whatever the grade of the court, it is one of limited jurisdiction for such purpose, and must keep strictly within it. In such special proceedings jurisdiction on appeal is no more extensive than that possessed by the assessing body from whose decision the appeal was taken. Applying that principle here, it is clear that, even though the district court has, under the constitution, original jurisdiction in a proper case, to annul a void or illegal tax laid upon non-assessable property, or enjoin its collection, nevertheless it has not, upon an appeal from the board of county commissioners, such jurisdiction under this act, nor does the board itself possess it, for the provisions thereof expressly limit jurisdiction to the granting of relief from unjust and erroneous assessments made upon assessable property.

When, therefore, it was manifested to the board of commissioners and the district court, that the petitioner asked to be relieved from an assessment and tax, which it claimed to be void because the property upon which the tax was laid was not assessable property, the only order that could be entered

was one dismissing the proceeding for lack of juris-
diction. This was held under a statute in all sub-
stantial respects the same as ours by the supreme
court of Pennsylvania in *Albert et al. v. Board of
Revision,* 139 Pa. St. 467; 2 Cooley on Taxation
(3 ed.), 1394.

5. Since neither the board of commissioners nor
the district court has jurisdiction to determine the
merits of the cause presented in the petition, this
court is also without jurisdiction in the premises,
even if, under the court of appeals act, or other-
wise, a review could be had herein upon the ground
that some question invoking jurisdiction thereunder
was presented. The fact that the parties have argued
various important questions which they ask this court
to decide, does not justify us in assuming jurisdic-
tion of a subject-matter which we do not possess.
The parties may waive jurisdiction, so far as it
affects them personally, but it is beyond their power
to confer upon a judicial tribunal jurisdiction of
the subject-matter which it does not possess under
the constitution and statutes of the state. The con-
stitutional question supposed to be involved could
not in any event be determined upon this review.
The water company has not assigned cross-errors.
The ruling of the district court was that, although
the franchise is taxable property under the consti-
tution, it is not assessable property, because no method
for ascertaining its value has been provided. The
constitutional question was resolved in favor of the
board, and that body is not here questioning that
ruling; and since the water company has not assigned
cross-error thereto, it is not in a position to be heard
upon it.

Whether the general revenue law furnishes an
adequate, or any, method for fixing the valuation of
franchises, is a question of statutory construction

which does not invoke our jurisdiction.   The act does not authorize a money judgment in favor of the property owner, either against the board or the county treasurer, for the amount of the taxes paid into the treasury in case the decision of the board is modified, but merely that the treasurer shall repay to him in accordance with the modification.   So it is clear that this court, upon the record now before us, has not jurisdiction to review the case on its merits.

The conclusion which we have reached does not cut off the rights of the parties, whatever they may be.   They are the same as if these proceedings had not been instituted.   Neither the judgment of the district court nor that of the board concludes their rights, for neither tribunal had jurisdiction to pronounce a valid judgment except one of dismissal. The judgment below is, therefore, reversed, and the cause remanded, with instructions to the district court to vacate its judgment heretofore entered. This leaves in effect the decision of the county board denying the petition, which was right; and, as we have said, the water company is relegated to whatever rights and remedies it has for setting aside the assessment, and for the recovery of the tax heretofore paid into the county treasury, wholly without reference to the action of the county commissioners or the district court in this proceeding.

*Reversed.*

Mr. JUSTICE STEELE not participating.