[No. 5918.]

## HALL v. JONES.

**Appeals from Justice of Peace**—The failure of the justice to file the transcript in the county court is waived where the parties appear and impanel a jury. The cause may still proceed notwithstanding any objection afterwards made.

Jurisdiction at once attaches upon the filing of the transcript even after the time prescribed by statute.—(230, 231)

*Appeal from El Paso County Court*—Hon. ROB-
ERT KERR, Judge.

Mr. MURAT MASTERSON, for appellant.

Messrs. McKESSON & LITTLE, for appellee.

Mr. JUSTICE CAMPBELL delivered the opinion of
the court:

This case was begun in the court of a justice of
the peace by appellee Jones against appellant Hall.
The judgment there was against Hall, and therefrom
he perfected an appeal to the county court by filing
an appeal bond with the justice. The justice did not,
within the time prescribed by the statute governing
such appeals, certify to the county court a transcript
of the proceedings before him. The cause, however,
was docketed by appellant, Hall, and set for trial.
At the appointed time, both parties appeared gen-
erally. Plaintiff Jones waived a jury, but Hall, the
defendant, demanded a jury trial, which was
granted. The jury was impaneled, and the trial be-
gun with the examination of plaintiff, when it was
discovered that the justice's transcript had not been
filed in the county court. Hall then made a motion
that the jury be discharged, for the reason that the
county court had no jurisdiction to hear and deter-
mine the cause in the absence of a transcript from
the justice of the peace at the time that the case was
set for trial. The court overruled the objection, and
proceeded with the trial, and before plaintiff rested,
he filed the justice's transcript in the county court.
Defendant Hall, without renewing his objection to
the jurisdiction of the court, or asking to have the
cause reset for trial, or for a continuance, or other-
wise objecting, and after the transcript had been filed,
put in his defense, and plaintiff called witnesses in
rebuttal. The cause was argued and submitted to

the jury, which gave a verdict against defendant Hall, and from the judgment thereon entered he brought this appeal. The only assignment which he argues is, that the trial court was without jurisdiction of the subject-matter.

Our statute in relation to appeals from justices of the peace to the county court was taken from Illinois.—2 Mills' Ann. Stats., §§ 2678-2690; Rev. Stats. 1908, p. 989 et seq.

Among other things, it requires the justice, within a given time, to file and return to the county court all the papers and a transcript of the judgment he has given, with a certificate that the papers and transcript contain a full and perfect statement of all the proceedings before him. The supreme court of Illinois, in construing this statute, seems uniformly to have held that the filing of the transcript in the county court is necessary to give the appellate court jurisdiction of the subject-matter.—Demilly v. Grosrenaud, 66 N. E. Rep. 234, 201 Ill. 272.

This court has followed that construction.— D. & R. G. Ry. Co. v. Rader, 11 Colo. 536.

Defendant's motion was to discharge the jury, not to dismiss the action. He, himself, took the appeal to the county court. Both parties appeared there voluntarily, and submitted themselves to its jurisdiction. Consent, of course, cannot confer jurisdiction of the subject-matter; but the county court unquestionably had original jurisdiction of the subject-matter of the action, and the parties might voluntarily and without process appear therein, waive pleadings and submit for its decision the controversy between them. No objection was made by appellant until after the jury was impaneled and sworn and the trial begun. It was too late to interpose the objection, the county court having original jurisdiction to try and determine the cause.—Kurtze v. McCord,

1. Colo. 164; *Lyon v. Washburn,* 3 Colo. 201; *Smith v. District Court,* 4 Colo. 235; *Mackey v. Briggs,* 16 Colo. 143; see 24 Cyc., p. 643; *Flannery v. Trainor,* 13 Col. App. 290; *Christ v. Flannagan,* 23 Colo. 140; *Phoenix Indemnity Co. v. Greger,* 39 Colo. 193.

For another reason, appellant's assignment is not good. Before plaintiff in the county court had rested his case, he caused to be filed there the transcript of the justice of the peace. According to the Illinois authorities relied upon, whenever the transcript is filed, even though it may not be within the time required by statute, jurisdiction of the county court at once attaches. The county court, therefore, had power to pronounce judgment, even though its proceedings may have been, though we do not say they were, irregular.

For the reasons given, we hold that the county court, in the circumstances disclosed by the record, had jurisdiction of the subject-matter and of the persons of the parties litigant. Its judgment is therefore affirmed.                                     *Affirmed.*

CHIEF JUSTICE STEELE and Mr. JUSTICE GABBERT concur.