No. 11,212.

BURNETT *v.* MEYER.

Decided May 4, 1925.

Election contest.   Judgment of dismissal.

*Reversed.*

*On Application for Supersedeas.*

1.  APPEARANCE—*Waiver of Service.*   Service of summons is waived
    by appearance and answer.

2.  *Answer.*   By a general voluntary appearance and filing an
    answer, all objections to the summons and return thereof and
    to the jurisdiction of the court over the person of defendant
    are waived, and the rule is applicable whether the answer is
    filed before or after a ruling on the motion to dismiss.

3.  *Answer.*   The filing of an answer constitutes a general volun-
    tary appearance.

4.  ELECTIONS—*Contest—Review.*   A writ of error lies to review a
    contest of election in the county court.

*Error to the County Court of Kiowa County, Hon. W. M.
Ramsdale, Judge.*

Mr. JOHN H. VOORHEES, Messrs. GORDON & GORDON, for
plaintiff in error.

Mr. M. G. SAUNDERS, Mr. E. F. CHAMBERS, Mr. JOHN A.
MARTIN, Mr. JAMES C. LANG, for defendant in error.

*Department Two.*

MR. CHIEF JUSTICE ALLEN delivered the opinion of the
court.

AT the general election in November, 1924, the plaintiff
in error was a candidate for the office of county commis-

sioner of Kiowa county, and defendant in error was a rival candidate for the same office. On the face of the returns, defendant in error was elected by a majority of five votes.

Plaintiff in error instituted an election contest. A summons was duly issued, and service thereof had, or attempted to be made, under that clause of section 40 of the Code of 1921 providing that a summons may be served by leaving a copy thereof at the usual place of abode of defendant with some member of the family in which he resides.

Within ten days thereafter, the defendant in error, the contestee, filed a motion to dismiss the contest upon the ground of lack of service of the summons, and at the same time filed his answer to the statement of contest, which answer included a counter statement of contest. Thereafter the contestor filed his reply.

When the cause came on for trial, the court first considered the motion to dismiss, and sustained such motion before proceeding to any trial upon the merits. The case was accordingly dismissed by the court. The contestor brings the cause here on writ of error, and applies for a supersedeas.

Error is assigned to the court's sustaining the motion to dismiss. If in fact, which we do not concede, there was no service of summons, or the service was defective, service was waived by contestee when he filed his answer and counter-statement. Under the Code, section 50, a volun-tary appearance is "equivalent to personal service." There is a long line of cases in this state to the effect that by a general voluntary appearance, and filing an answer is such appearance, all objections to the summons and return thereof, and to the jurisdiction of the court over the person of the defendant are waived. *Campbell Mfg. Co. v. Marsh,* 20 Colo. 22, 32, 36 Pac. 799; *N. Y. & Brooklyn M. Co. v. Gill,* 7 Colo. 100, 2 Pac. 5; *Colo. Cent. R. Co. v. Caldwell,* 11 Colo. 545, 19 Pac. 542; *Ruby Chief Min. Co. v. Gurley,* 17 Colo. 199, 29 Pac. 668; *Union Pac. Ry. Co. v. De Busk,* 12 Colo. 294, 20 Pac. 752, 13 Am. St. Rep. 221, 3 L. R. A. 350; *Kurtze v. McCord,* 1 Colo. 164. See 4 C. J. 1365.

The rule is applicable whether the answer is filed before or after a ruling on the motion to dismiss. *Orinoco Co., Ltd. v. Iron Co.,* 54 App. D. C. 218, 296 Fed. 965.

The court erred in sustaining the motion to dismiss the contest.

We have before us also a motion to dismiss the writ of error upon the ground that a writ of error does not lie to review contests of election in the county court. Irrespective of any statute, the writ lies by virtue of section 23, article 6, of our Constitution, providing that writs of error shall lie to every final judgment of the county court. See *Martin v. Simpkins,* 20 Colo. 438, 442, 38 Pac. 1092. The motion is denied.

The application for a supersedeas is denied and the judgment reversed. The cause is remanded with directions to overrule the motion to dismiss contest and try the cause upon the pleadings and the merits.

Mr. Justice Denison and Mr. Justice Whitford concur.