## No. 11,374

### BURNETT v. MEYER

Decided November 30, 1925.    Rehearing denied December 1, 1925.

Election contest over the office of county commissioner. Judgment for contestee.

*Affirmed.*

*On Application for Supersedeas.*

1.  APPEAL AND ERROR—*Fact Fndings.* Findings of fact by the trial court which are based on conflicting evidence, will not be disturbed on review.

*Error to the County Court of Kiowa County, Hon. W. M. Ramsdale, Judge.*

Mr. JOHN H. VOORHEES, Messrs. GORDON & GORDON, Mr.
GRANBY HILLYER, for plaintiff in error.

Mr. M. G. SAUNDERS, Mr. E. F. CHAMBERS, Mr. J. C.
LANG, for defendant in error.

*En banc.*

MR. JUSTICE BURKE delivered the opinion of the court.

PLAINTIFF in error Burnett and defendant in error Mey-
er were opposing candidates for the office of county com-
missioner of Kiowa county at the general election of No-
vember 4, 1924. The canvassing board found Meyer elect-
ed by a majority of five votes and the certificate was issued
to him. Burnett brought this contest which was dismissed
for want of service. That judgment was reversed here and
the cause remanded for trial on the merits. *Burnett v.
Meyer*, 77 Colo. 272, 236 Pac. 994. The county court found
Meyer elected by a majority of six votes and entered judg-
ment accordingly. To review that judgment Burnett brings
error and asks that the writ be made a supersedeas.

There are 63 assignments of error, 113 pages of briefs,
1500 folios of transcript, and two volumes of exhibits. An
analysis, in this opinion, of the evidence and a reannounce-
ment of the law as to each contested ballot, would be an
interminable and unprofitable task. There is no serious dis-
agreement as to the law or any point affecting the final
result, and the principal questions raised relate to the res-
idence of electors whose votes were contested. In almost
every instance this turned upon the intention of the voter.
Assuming an intent to retain, acquire, or change residence
there is evidence to support the intent as found by the
court. In each of these cases this evidence is conflicting
and the rule is well settled that we will not, under such
circumstances, interfere with the finding. We are urged
to do so on the ground that the evidence is by deposition
and the rule not applicable. This is true only as to a portion

of the evidence, as in each doubtful case there is oral testimony which contradicts or explains the written, and if believed, as we must assume, supports the finding and upholds the rule.

The foregoing does not apply to Marie Dodson, whose vote was counted for defendant and as to which we think the trial court clearly in error, and probably not to the vote of Merle Edwards, but as the exclusion of these two would make no difference in the result we find it unnecessary to examine them further.

The supersedeas is denied and the judgment affirmed.

Mr. Justice Campbell not participating.