No. 22666.

Woodrow W. Davis and Lucille E. Davis *v*. The District Court in and for the County of Jefferson, State of Colorado.

(423 P.2d 846)

Decided February 14, 1967.     Rehearing denied March 6, 1967.

Donaldson, Hoffman & Goldstein, Alan A. Armour, for petitioners.

Edward N. Juhan, District Attorney, George C. Aucoin, Deputy, for respondent.

*En Banc.*

Mr. Justice Pringle delivered the opinion of the Court.

Petitioners are parents of a minor child. On Novem-

ber 10, 1966, they were served with a Motion and Petition Concerning Delinquency of the child in question which advised the petitioners that a hearing would be held in the District Court at Golden, Colorado, on November 14, 1966.

Petitioners appeared at the hearing, without an attorney, and were advised of the consequences which could result from the hearing. After some discussion with the court concerning their need for an attorney, the petitioners indicated their desire to go ahead with the hearing. After the hearing, the trial court declared the child delinquent and ordered him to be placed with the welfare department for an indeterminate period and until further order of the court.

Petitioners then brought an original proceeding in this Court, alleging, among other things, that the trial court had no jurisdiction in this matter. They contend that the petitioners were not served with summons at least two days before the hearing as required by Colorado Revised Statutes 1963, 22-8-3 (4). We issued a rule to show cause on the narrow jurisdictional issue.

■■ In our view, the statute in question deals solely with jurisdiction over the person, and does not concern itself with jurisdiction of the subject matter. Under such circumstances, a party who appears in the action and voluntarily proceeds with it, as we find the petitioners did here, waives any defect in service of process. *Smith v. District Court*, 4 Colo. 235. We therefore discharge the rule without prejudice to petitioners' right to raise the other issues presented in this petition on writ of error, if such is filed.

The rule is discharged.