HENRY WEBBER ET AL., APPELLANTS, V. GEORGE BRIEGER, APPELLEE.

1. DISMISSAL OF APPEAL FOR FAILURE TO SERVE NOTICE.—The requirement of the act of 1885, that in an appeal from a county court to a district court, if the appeal be not taken on the day the judgment is rendered the appellant shall serve notice of the appeal upon the appellee, or his attorney, within five days after it is taken, or the appellee may have the judgment affirmed or the appeal dismissed, is mandatory, and vests the district court with no discretion as to its enforcement.

2. APPEAL NOT PERFECTED UNTIL APPEAL BOND FILED.—Praying an appeal to the district court on the day judgment is rendered, and its allowance upon filing the required bond within ten days afterward, does not excuse or satisfy the requirement as to serving notice of the appeal, since the appeal is not taken, or perfected, until the bond is filed.

*Appeal from District Court of Pitkin County.*

Mr. C. R. BELL and Mr. T. M. S. RHETT, for appellants.

Mr. W. W. COOLEY, for appellee.

REED, J. This action was commenced in the county court of Pitkin county, and a trial had resulting in a judgment in favor of appellee against appellant for the sum of $1,029.27, on the 12th day of July, 1889. On the 18th day of July, within the ten days allowed by law, a proper bond for appeal

to the district court was approved and filed under the provisions of sec. 2, of the act of 1885, in regard to appeals from county courts to district courts.   Mills Ann. Stat., § 1086.

Sec. 4, of the act of 1885, (Mills Ann. Stat., § 1088,) is as follows: " If the appeal be not taken on the same day on which the judgment is rendered, the appellant shall serve the appellee, or his attorney of record, within five days after the appeal is taken, with a notice in writing, stating that an appeal has been taken from the judgment therein specified, which notice shall be served by delivering a copy thereof to such appellee, or his attorney of record.   If the appellant fail to give notice of his appeal when such notice is required, the appellee may, at any time before such notice is actually served, and after the time when it should have been served, have the judgment of the county court affirmed or the appeal dismissed, at his option."

No notice of appeal as provided, in this section, having been served,—on the 31st day of August counsel for appellee filed in the district court a motion to have the judgment of the county court affirmed, and on the 5th day of October, 1889, the motion was sustained by the court, and the judgment of the county court affirmed, and an appeal from such judgment taken to the supreme court.

On the 28th day of December, after the appeal to the supreme court was taken, the judge and acting clerk of the county court filed a further and additional transcript of the record in that court, by which it is shown that on the day the judgment was rendered, (July 12th,) an appeal to the district court was prayed and allowed upon appellants filing a bond within ten days.   This subsequent transcript in no way aids the case of appellants.   The bond was not filed until the 18th, and no notice of the appeal was served upon the appellee.

*Straat v. Blanchard*, 14 Colo. 445, is decisive of this case. It was there held that no appeal was taken until the approval and filing of the bond.   The appeal not having been effected on the day judgment was rendered, notice within five days after the appeal was perfected, " that an appeal has been

taken from the judgment," is indispensable. *Hunt v. Arkell*, 13 Colo. 543. The praying for and allowance of the appeal upon the day judgment is rendered, where time is given to file the bond, does not obviate the necessity of notice. The appeal may or may not be effected. The statute is a harsh one, and penal in its character, but was probably deeme necessary to prevent delay in the administration of justice. By it the court had no discretion. No notice having been served of the appeal, it was the right of the appellee to have the judgment of the county court affirmed or the appeal dismissed at his option. The judgment of the district court is affirmed.

*Affirmed.*