WADE, *County Superintendent*, v. EAKIN.

No. 2735.   Opinion Filed January 9, 1912.

Rehearing Denied March 26, 1912.

(122 Pac. 176.)

**SCHOOLS AND SCHOOL DISTRICTS**—Alteration of Districts—Powers of County Superintendents.   In virtue of an act approved March 11, 1897, amendatory of section 12, art. 1, c. 73, St. of Okla. 1893, (Sess. Laws 1897, p. 271; Comp. Laws 1909, sec. 7975), a county superintendent has jurisdiction to change the boundaries of a regularly organized school district by detaching a portion thereof and forming and creating thereby a new district, when invoked so to do pursuant to the procedure there prescribed, with right of appeal by any person or persons aggrieved by his refusal so to do, conferred by an act approved March 8, 1895, Sess. Laws 1895, p. 240 (Comp. Laws 1909, sec. 8050).

(Syllabus by the Court.)

*Error from District Court, Jefferson County;*
*Frank M. Bailey, Judge.*

Application by W. A. Eakin for a peremptory writ of mandamus to L. L. Wade, County Superintendent of Jefferson County.   Judgment for plaintiff, and defendant brings error. Affirmed.

*Harper & Dillard,* for plaintiff in error.

*Jones & Green,* for defendant in error.

TURNER, C. J.   On February 25, 1911, W. A. Eakin, defendant in error, for himself and all others similarly situated, in the district court of Jefferson county, filed his motion for a peremptory writ of mandamus to compel L. L. Wade, as county superintendent of Jefferson county, plaintiff in error, to call a school meeting in that part of school district No. 8, alleged by him to have theretofore been properly detached from the original school district No. 8, for the purpose of organizing a school district in said territory.   Later he filed an amended motion, and

stated that the county attorney declined to bring this suit in the
name of the state. He further alleged himself to be a taxpayer
and resident of said county, and a patron of the schools in that
part of district No. 8, detached from said district No. 8 by order of
the board of county commissioners of said county, rendered and
entered March 7, 1910; that said Wade was the duly elected,
qualified and acting county superintendent of said county; that
on February 4, 1910, a petition for a division of said school dis-
trict, signed by more than two-thirds of the legal voters therein,
requesting a division and the formation of a new district, giving
the boundaries thereof, was duly presented to but denied by said
Wade, as county superintendent aforesaid, and that from such
refusal an appeal was taken to the board of county commissioners
of said county, and filed a copy of said petition as an exhibit to
his motion; that, pursuant thereto, on March 7, 1910, said board
made an order dividing said district and creating a new district,
and filed a copy of said order as an exhibit; that two certain
directors of said school district gave notice of appeal from said
order, and prosecuted the same to the district court, where the
same was dismissed, from which there has been no appeal; that
said new district is without school facilities; that defendant had
been requested to call a meeting in the new district thus formed
for the purpose of organizing the territory embraced therein into
a school district, but had failed and refused so to do, and prayed
for a writ of mandamus to compel him to do so.

Waiving the issuance of the alternative writ and a rule to
show cause (*Ellis et al. v. Armstrong et al.,* 28 Okla. 311, 114
Pac. 327), defendant answered, in effect, a general denial, and
pleaded that plaintiff had no right to maintain his suit, because,
he says, more than one year had elapsed between the making of
said order by the board of county commissioners and the filing
of plaintiff's motion, and that the term of the county superin-
tendent in office at the time said order was made had expired.
He admitted the making of said order, but stated that the alleged
appeal to the county commissioners was void, and conferred no
jurisdiction on them to make the order dividing the district and

creating a new one, because, he says, the power to divide the counties of the state into convenient school districts, and to change the same, is vested solely in the county superintendent; that plaintiff's motion contained no allegation of notice of appeal, and none was in fact given, from said refusal of the county superintendent; that no sufficient petition was filed, either with him or the board of county commissioners, to confer jurisdiction upon either for that purpose; and that plaintiff had no legal capacity to sue as therein set forth.

After notice, there was a hearing upon evidence before the judge in chambers, who, at the close thereof, ordered the peremptory writ to issue. To review said order, this proceeding in error was commenced.

It is assigned that the order of the county commissioners dividing the school district was void for want of jurisdiction in them to make the order, and for that reason the court erred in awarding the writ to enforce it. In support of this assignment, it is urged that the power "to divide a school district, organize a school district, to change the boundaries of a school district, or to create a new district, is vested solely in the county superintendent," with no appeal to the county commissioners. Not so. It is settled in *School Dist. No. 44, etc., v. Turner*, 13 Okla. 71, 73 Pac. 952, that in virtue of an act approved March 11, 1897, amendatory of section 12, art. 1, c. 73, of St. of Okla. 1893 (Sess. Laws 1897, p. 271; Comp. Laws 1909, sec. 7975), a county superintendent has "jurisdiction to change the boundaries of a regularly organized school district by detaching a portion thereof, and forming and creating thereby a new district," when invoked so to do pursuant to the procedure there prescribed. It further provides that one-fourth of the qualified electors of any district affected may join in appeal to the board of county commissioners from his action.

It is next contended that, conceding such jurisdiction in the county superintendent, it is insisted an appeal lies to the board of county commissioners from the action only of the county superintendent, and not, as here, from his failure and refusal to act.

Again not so, for the reason that, while section 12, art. 1, c. 7, St. of Okla. 1893, originally, and as amended, as aforesaid, provided for an appeal to said board from the action only of the county superintendent in the premises, section 4 of article 2 of the same act originally, and as amended by an act approved March 8, 1895 (Sess. Laws 1895, p. 240; Comp. Laws 1909, sec. 8050), provides for an appeal by any person or persons aggrieved by his refusal to act, as here. It is contended that, as the motion for the writ discloses that the appeal from the refusal of the county superintendent to act in the premises was prosecuted to and entertained by the board of county commissioners by two certain · directors only of the school district out of which the new district was sought to be carved, and who alone gave notice of appeal, said board was without jurisdiction to make the order sought to be enforced by the writ. For the reason that we have already said that, pursuant to section 4, *supra,* and as amended, any person or "persons aggrieved" by the refusal of the county superintendent to act in the premises may appeal to the board of county commissioners, and it is not contended that the appealing directors fail to fall within that term, there is nothing in the contention.

Collaterally assailing the order sought to be enforced by the writ, it is next urged that, in order to confer jurisdiction on the county superintendent to carve out a new district, as here he has done, notice of the presentation to him of the petition must have been posted twenty days prior thereto, and certain other requisites named in the statute must have been complied with, which was not done; and hence, it is contended, the order is void. But we cannot consider these objections, for the reason that, the evidence not being a part of the record, the same is not before us; defendant having come up by petition in error and transcript. *Ellis et al. v. Armstrong et al., supra.*

Finding no error in the record, and it being the plain statutory duty of defendant to call a meeting for the organization of the new district thus formed, the judgment of the trial court is affirmed.

All the Justices concur.