## DIXON v. PEACOCK et al.

### No. 5455.  Opinion Filed June 9, 1914.

#### (141 Pac. 429.)

1. **JUDGMENT—What Constitutes—Collateral Attack.** The judgment complained of and upon which this collateral attack is made in part reads: "It is further adjudged and decreed by the court that the costs of this action be taxed against the defendants and each of them." **Held,** that this was equivalent to the court's adjudging the costs against the defendants, and comes within section 5123, Rev. Laws 1910, defining a judgment, and is valid against a collateral attack.

2. **EXECUTION—Sale—Collateral Attack.** The execution upon which this collateral attack is made in part reads: "State of Oklahoma, Okmulgee County—ss. In the District Court. Sarah Jacobs, Gdn., Plaintiff, v. Morris C. Clark et al., Defendants. No. 1386. State of Oklahoma to the Sheriff of Okmulgee County—Greeting: Whereas, the said Sarah Jacobs, on the 25th day of March, 1910, obtained a judgment in the district court of Okmulgee county, state of Oklahoma," etc. The land in controversy was sold by virtue of a levy made under this execution, and, upon the return of the sheriff of his proceedings, such sale was confirmed by the district court, and no appeal was taken therefrom. **Held,** that such execution and the judgment of the district court confirming the proceedings and sale made thereunder are valid against a collateral attack.

(Syllabus by the Court.)

*Error from District Court, Okmulgee County;*
*Wade S. Stanfield, Judge.*

Action by R. J. Dixon against M. J. Peacock and J. L. Peacock. Judgment for defendants, and plaintiff brings error. Affirmed.

*Merwine & Newhouse,* for plaintiff in error.

*Matthews & Ellison* and *Eaton & Cowley,* for defendants in error.

RIDDLE, J.    Plaintiff in error, R. J. Dixon, instituted this suit in the district court of Okmulgee county against defendants in error, seeking to annul and cancel of record certain conveyances and court proceedings resulting in said conveyances. The cause was tried upon an agreed statement of facts. We incorporate such parts as are material:

"(a)    That on the 26th day of March, 1910, plaintiff, R. J. Dixon, was the owner in fee simple of the southeast quarter of the southwest quarter of section twenty-five (25), township thirteen (13) north, range fourteen (14) east, in Okmulgee county, Oklahoma.

"(b) That on the 14th day of August, 1909, in this court, Sarah Jacobs, as guardian of John Holmes and Bennie Holmes, filed her petition in said court in case No. 1386 against Maurice G. Clark, R. J. Dixon, and Jamie Replogle, the object and purpose of which was to quiet the title to premises other than those under consideration herein, and for other equitable relief therein; that on the 16th day of December, 1909, the said Clark filed an answer to said petition, and on the 26th day of March, 1910, the said R. J. Dixon was declared in default in said action, and a decree was entered therein, a copy of which is as follows: 'In the District Court of Okmulgee County, State of Oklahoma, Sarah Jacobs, Guardian of John Holmes and Bennie Holmes, Minors, Plaintiff, v. Maurice G. Clark, R. J. Dixon, and Jamie Replogle, Defendants. Civil No. 1386. This cause coming on to be heard before the District court in and for Okmulgee county, state of Oklahoma, on this 26th day of March, 1910, a judicial day of the March, A. D. 1910, term of said court, upon the petition of the plaintiff herein and the separate answer of Maurice G. Clark, and the defendant R. J. Dixon having been duly served with summons in this cause, and

having wholly failed to demur, plead, or answer to the petition of plaintiff within the time required by law, and, having been three times called in open court to demur, plead, or answer to the petition of plaintiff, demurred, pleaded or answered not, but wholly failed to defend said action, and the court having ordered that the said R. J. Dixon be declared in default, and that the allegations contained in plaintiff's petition be taken as confessed by the said R. J. Dixon, and the plaintiff appearing in person and by his attorneys, and the defendant Maurice G. Clark appearing in person and by counsel, the trial was proceeded with. The plaintiff submitted her evidence and rested, and the defendant Maurice G. Clark submitted his case and rested, and the court, after hearing the evidence, argument of counsel and being fully advised in the premises finds:  *  *  *  It is therefore by the court considered, ordered, adjudged, and decreed that the claim of the said John Holmes and Bennie Holmes in and to the premises above described is valid and perfect; that the defendants aforesaid or either of them have no right, valid claim, or title therein, or any interest whatsoever in said premises; that the title of the said John Holmes and Bennie Holmes be and the same is hereby quieted in and to said premises. It is further adjudged and decreed by the court that the respective deeds to the defendants aforesaid from the aforesaid Andrew Holmes upon said premises as set forth in plaintiff's petition be and the same are hereby canceled, set aside. and held for naught; and said defendants and each of them are hereby perpetually barred and enjoined from setting up or asserting any title or interest in said premises adverse to the said John Holmes and Bennie Holmes under or by virtue of the deeds mentioned in plaintiff's complaint or any one of them, and that the costs of this action be taxed against the defendants and each of them. [Signed] W. L. Barnum, Judge.'

"(c) That afterwards in said cause No. 1386, on the 26th day of April, 1910, an execution was issued in said cause, of which the following is a true copy: 'State of Oklahoma, Okmulgee County—ss. In the District Court, Sarah Jacobs, Gdn.. Plaintiff, v. Maurice G. Clark et al., Defendants. No. 1386. State of Oklahoma to the Sheriff of Okmulgee County—Greeting: Whereas, Sarah Jacobs on the 25th day of March, 1910. obtained a judgment in the district court of the county of Okmulgee, state of Oklahoma, against Maurice G. Clark, R. J. Dixon, and Jamie Replogle for the principal sum of ———. dollars debt, together with interest accruing at the rate of ——— per cent. per annum from the ——— day of ———, to date

of service of this writ, and for the sum of ———— dollars attorney's fee, and for the sum of ———— dollars costs, and there has accrued in this court $27.20 costs.   *   *   *'

"(d) That under said execution so issued to him, the said sheriff of said county and state caused an inquest of John Haze, W. T. Taylor, and Bob Haze, who made an appraisement under oath.   *   *   *

"(e) That in pursuance of said execution and appraisement the sheriff of said county on the 2d day of May, 1910, gave notice of the sale of said real estate.   *   *   *

"(f) That said notice of said sale was published in the Okmulgee Democrat of said city on the 5th, 12th, 19th, and 26th days of May and on the 2d day of June, 1910, and on no other day.   *   *   *

"(g) That at the time and place designated in said notice said real estate was sold by said plaintiff to the defendant M. J. Peacock, and a sheriff's deed was executed to said purchaser, and said deed was recorded with the register of deeds of said county and state, and said M. J. Peacock afterwards executed and delivered an oil and gas mining lease on said land to the defendant J. L. Peacock, and the same was duly recorded in the office of the register of deeds of Okmulgee county, Oklahoma, in Book 13, at page 410.   *   *   *

"(h) That said sheriff made his return of his proceedings under said sale, which was in words as follows: 'Received the within writ on the 26th day of April, 1910, at ———— o'clock ———— m., and executed on the 26th day of April, 1910, at ———— o'clock ———— m., according to the command of the within writ, finding no goods or chattels belonging to the within-named defendants whereon to levy, by levying said writ upon the following described real estate of said debtor, R. J. Dixon, situated in Okmulgee county, state of Oklahoma, to wit:   ***'

"(i) That on the 23d day of June, 1910, an order confirming said sale was made, which is as follows:

"'In the district court of Okmulgee county, state of Oklahoma.   Sarah Jacobs, Guardian of John Holmes and Bennie Holmes, Minors, v. Maurice G. Clark, A. J. Dixon, and Jamie Replogle, Defendants.   No. 1386.   Now, on this 23d day of June, 1910, comes M. J. Peacock, by her attorneys, Matthews & Ellison and move the court to confirm a sale of the real estate made by the sheriff of Okmulgee county, state of Oklahoma, on the 11th day of June, 1910, under a writ of execution issued out of the office of the clerk of the district court of said county and state, dated the 26th day of April, 1910, said sale being of

the following property, to wit, the southeast quarter of the southwest quarter of section 25, township 13 north, and range 14 east, in Okmulgee county, Oklahoma, to M. J. Peacock. And the court having examined the proceedings of said sheriff under said execution, finds that the same have been performed in all respects in conformity to law; and no exceptions being filed nor objections made, it is ordered and adjudged by the court that said sale and the proceedings be, and the same are hereby approved and confirmed; and it is further ordered that W. D. Vance, sheriff of said county of Okmulgee, make and execute to the said purchaser at said sale a good and sufficient deed for the premises so sold. W. L. Barnum, District Judge.'

"(j) That the defendants, M. J. Peacock and J. L. Peacock, are in the possession of said premises, and have been at all times since the execution of the sheriff's deed on July 12, 1910."

Upon the pleadings and the agreed statement of facts, the court rendered judgment in favor of defendants, dismissing plaintiff's petition, from which judgment this proceeding in error is prosecuted.

Plaintiff in error makes the following assignments, to wit:

"(1) The court erred in overruling the motion of plaintiff below to set aside said judgment and to grant him a new trial; (2) said judgment and decree is not sustained by sufficient evidence; (3) said judgment and decree is contrary to law; (4) said judgment and decree was rendered in favor of the defendants below, whereas and in truth the same should have been rendered in favor of the plaintiff below; (5) other error of law appearing at the trial and excepted to by plaintiff, which said error appears upon the face of the record."

These assignments of error present only one general proposition of law. It is the contention of plaintiff in error: First, that there was no judgment of the court sufficient to authorize the issuance of an execution; second, that, by reason of defects appearing upon the face of the execution, the same is void; third, the sheriff, in making the levy, did not conform to the requirements of the statute, and hence all proceedings resulting in the conveyance of the property in controversy to defendant in error are void. It is admitted by both parties that the proceeding here is a collateral attack upon the judgment and proceedings complained of. If there was no judgment upon which an execution

could be legally issued, or if such judgment or the proceedings had thereunder were void, then the judgment of the trial court is erroneous, and should be reversed; otherwise the same should be affirmed. After the court had adjudicated the rights of the parties by the judgment complained of, relating to the property in controversy, the court further adjudged as follows:

"It is further adjudged and decreed by the court that the costs of this action be taxed against the defendants and each of them."

Taking the judgment as a whole, does it meet the requirements of the law, constituting a judgment for costs? Section 5123, Rev. Laws 1910, provides:

"A judgment is the final determination of the rights of the parties in an action."

Section 5143, *Id.*, provides:

"All judgments and orders must be entered on the journal of the court, and specify clearly the relief granted or order made in the action."

Section 5229, *Id.*, provides:

"Where it is not otherwise provided by this and other statutes, costs shall be allowed of course to the plaintiff, upon a judgment in his favor, in actions for the recovery of money only, or for the recovery of specific, real or personal property."

Section 5230, *Id.*, provides:

"Costs shall be allowed of course to any defendant, upon a judgment in his favor, in the actions mentioned in the last section."

Section 5231, *Id.*, provides:

"In other actions, the court may award and tax costs, and apportion the same between the parties on the same or adverse sides, as in its discretion it may think right and equitable."

While the suit resulting in the judgment complained of was a suit to quiet title and to remove a cloud, it might properly come within the meaning of section 5229. While not technically so, it was, in effect, a suit to recover real property. Taking this view, under this section of the statute, the costs would follow the judgment, as a matter of law, and it seems that all that would be necessary for the court to do is simply to order it taxed. But, waiving this view, in our judgment the action of the court

meets the requirements of sections 5123 and 5231, *supra*. It was not merely an order or direction to the clerk to tax the costs, but the language found in the judgment is:

"It is further adjudged and decreed by the court that the costs of this action be taxed against defendants and each of them."

This language is equivalent to the court's adjudging "that the plaintiff recover his costs"; and, under the law, it is the duty of the clerk to tax the same in the cause, without any order or direction from the court so to do. The amount of costs, of course, is fixed by the statute, and with this the court has nothing to do. The court simply adjudicates the rights of the parties and adjudges who shall pay the costs. In the case of *Houston v. Clark*, 36 Kan. 412, 13 Pac. 739, the Supreme Court of Kansas had under consideration a question similar to the one involved here, and the journal entry in that case was as follows:

"Now comes the plaintiff, C. T. Association, by J. M. Hagaman, the attorney, and moves the court here to dismiss the action, without prejudice to a future action, at cost of plaintiff; which is accordingly done."

In the opinion of the court it is said:

"The dismissal of an action is, in contemplation of the Civil Code, a judgment. * * * And when the dismissal is 'at the cost of plaintiff,' as in this case, it is a final determination with reference to the costs, as well as to the action itself, and is, in effect, an order and judgment that the plaintiff shall pay the costs. In the case of *Rogers v. Gosnell*, 51 Mo. 466, the judgment was 'that the defendant go hence, and that he recover his costs.' This was held by the Supreme Court of Missouri to be 'not very formal or full,' but still 'substantially a good final judgment.' In the case of *Huntington v. Blakeney*, 1 Wash. T. 111, the judgment was: 'The court ordered that plaintiff pay the costs of suit, and that execution issue therefor. This was held to be a valid judgment. In the case of *Lind v. Adams*, 10 Iowa, 398 [77 Am. Dec. 123) the court ordered a judgment on a promissory note, directing the clerk to compute the amount due. He made an entry, leaving a blank for the amount, which blank remained unfilled for fourteen months, when it was filled by the clerk in vacation. In this case it was held that the judgment was valid as against any collateral attack. In the case of *Linton v. Housh*, 4 Kan. 536, it was

held that judgment for 'costs of suit, taxed at $———' (no amount being specified), was a good and valid judgment, and regular even where it was attacked directly as on petition in error. In the case of *Clay v. Hildebrand,* 34 Kan. 695 [9 Pac. 466], it was held as follows: 'Wherever an entry of a judgment is so obscure as not to clearly express the exact determination of the court, reference may be had to the pleadings and other proceedings; and if, with the light thus thrown upon such entry, its obscurity is dispelled and its intended signification made apparent, the judgment will be upheld and carried into effect in the same manner as though its meaning and intent were made clear and manifest by its own terms."

While it is doubtful whether this judgment would be sufficient upon a petition in error to reverse, certainly it is sufficient upon a collateral attack, and such is the proceeding now before the court. Plaintiff in error, among other cases, cites and quotes from the case of *Board of Co. Com'rs of Custer Co. v. Moon,* 8 Okla. 205, 57 Pac. 161, wherein the journal entry was in the following words:

"It is therefore ordered, considered, and adjudged that plaintiff have and recover of and from the defendants the sum of ——— dollars, and his costs in this behalf laid out and expended, taxed at ——— dollars, to which judgment the defendants excepted."

The court held, in effect, in that case that the suit was for the recovery of money, and, there being no amount adjudged for or against either party, it failed to meet the requirements of the law, and same was therefore void. The court, however, in the case of *Sproat v. Durland,* 7 Okla. 230, 54 Pac. 458, said:

"It has frequently been held by appellate courts that the form of a judgment is not to be treated as fatal, if it appears that it was intended to be a judgment, and it can be determined whom the judgment was in favor of, and whom against, and what the court ordered or decreed should be done, together with the amount of recovery, if there was a money judgment."

The judgment complained of in the case at bar comes within the definition of the court in the case last cited. Plaintiff in error makes the further contention that the execution was void, in that the judgment complained of was in favor of Sarah Jacobs, guardian, when the execution ran in favor of Sarah Jacobs as

an individual. We are of the opinion, however, taking the execution as a whole, it sufficiently followed the judgment and identified the party plaintiff as the party to the judgment, and it is valid against a collateral attack. The caption of the execution is as follows:

"State of Oklahoma, Okmulgee County—ss. In the District Court. Sarah Jacobs, Gdn., Plaintiff, v. Maurice G. Clark *et al.,* Defendants. No. 1386. State of Oklahoma to the Sheriff of Okmulgee County—Greeting: Whereas, Sarah Jacobs, on the 25th day of March, 1910, obtained a judgment in the district court of the county of Okmulgee, state of Oklahoma," etc.

No doubt a motion to correct the execution would have been sustained by the court, or, had a motion been made to quash and recall the same, it perhaps would have been adjudged well taken; but such an irregularity, in our judgment, after the property had been sold under execution and return of the proceedings thereof filed by the sheriff and confirmed by a judgment of the district court, will not void upon collateral attack.

It is next contended by plaintiff in error that the sheriff disregarded the statutes and levied the execution upon real estate, without making a finding:

"No goods and chattels found upon which to levy the same."

The sheriff's return upon the execution and his proceedings thereunder, as shown by the record, are as follows:

"Received the within writ on the 26th day April, 1910, at ——— o'clock ——— m. and executed on the 26th day of April, 1910, at ——— o'clock ——— m., according to the command of the within writ, finding no goods or chattels belonging to the within-named defendants whereon to levy, by levying said writ upon the following described real estate of said debtor, R. J. Dixon, situated in Okmulgee county, state of Oklahoma, to wit:  *   *   *"

This, we think, is a reasonable compliance with the statute. The whole proceedings set out in the sheriff's return were passed upon by the district court and by said court confirmed; and, without deciding whether any irregularity exists sufficient to set aside

said proceedings upon a direct attack, or upon an objection to the confirmation, we hold that after the court examined the proceedings and rendered its judgment, confirming the sale and ordering the conveyance made, the same is not now open to collateral attack.

Finding no prejudicial error in the judgment of the court complained of, the same is in all things affirmed.

All the Justices concur.