**LUCAS et al. v. LUCAS et al.**

No. 6867—Opinion Filed March 28, 1916.

Rehearing Denied April 3, 1917.

(163 Pac. 943.)

1. **Wills — Probate. — "Collateral Attack"— Proceeding.**

Plaintiffs filed their suit seeking a partition of certain lands described and an accounting for rents. Defendant W. R. L. filed his answer alleging that the property was devised to him by the last will and testament of L., and pleaded the judgment of the county court probating said will, and closing the estate, and discharging the executor. Defendant further alleged that in 1909 plaintiffs and others filed their petition in the county court alleging said will was executed through fraud and undue influence, and also alleging that the judgment of probate was obtained through fraud. A demurrer was sustained to this petition, and no appeal prosecuted therefrom. The plaintiffs filed their reply, alleging that the will was executed through fraud and undue influence, and further attempting to allege fraud in securing the judgment probating the will. Defendants filed a motion for judgment on the pleadings, which was by the court sustained.

Held: (a) That this proceeding was a collateral attack upon the judgment of the county court; and (b) the judgment of the court, being regular and valid upon its face, was not subject to collateral attack.

2. **Same.**

The allegations of fraud in the petition were insufficient to bring the case within the exception to the general rule entitling plaintiffs to make a collateral attack upon the judgment probating the will.

(Syllabus by Linn, C.)

Error from District Court, Pawnee County: L. M. Poe, Judge.

Action by Elizabeth Lucas and others against W. R. Lucas and others. Judgment for defendants, and plaintiffs bring error. Affirmed.

E. M. Clark, for plaintiffs in error.

Wm. Blake and W. L. Eagleton, for defendants in error.

Opinion by LINN, C. The plaintiffs in error will be referred to herein as plaintiffs and the defendants in error as defendants. The plaintiffs, as the heirs of Russell Y. Lucas, deceased, some time in the fall of 1913, the exact day the record fails to show,

filed their petition against the defendants in the district court of Pawnee county, state of Oklahoma, wherein a decree of court was sought for the partition of the alleged estate of the decedent, consisting of 400 acres of land situated in said county. The allegations in the petition substantially are: That the plaintiffs and certain of defendants are the legal heirs of the decedent; that the defendant W. R. Lucas and the Minnetonka Oil & Gas Company, a corporation, are in possession of said real estate under some claim or claims of ownership by purchase or otherwise, the exact nature of which was unknown to the plaintiffs, but whatever interest defendants had was inferior to that of the plaintiffs; that the defendants had received the rents and profits of said land and premises since April 5, 1904, including the oil and gas taken therefrom, of the value of $20,000, for which amount defendants were legally obligated to account to said plaintiffs; that the property is subject to partition among the several respective interests as alleged. They prayed judgment of the court for partition and their damages and that commissioners be appointed to partition the same.

To this petition the defendant W. R. Lucas filed his separate answer containing a general denial. He further alleged in substance, admitting the death of the said Russell Y. Lucas in Pawnee county, Okla., and specially denied that either of the plaintiffs or defendants had any interest in and to said land, except the defendant W. R. Lucas, and alleged that the defendant oil and gas company had no interest except an oil and gas lease on the same. He alleged that the said Russell Lucas died testate, as shown by a copy of his will attached, marked Exhibit A; that said will had been probated, as shown by a certified copy of the judgment of the county court probating the same; that the administration upon the estate of the said Russell Lucas had been closed, and a final judgment entered discharging the executor and settling up said estate, as shown by a certified copy of the judgment of the county court attached; that said will was admitted to probate on the 23d day of December, 1904; that no person within one year thereafter contested the validity of same; and that the time for doing so had long since expired. He further alleged that in 1909 the plaintiffs Elizabeth Lucas, as guardian of Dennis Menafee Lucas and Elsie Gennett Lucas, Clayton Lucas, Stell Riddle, and Lottie Roberts, filed their petition in the county court in said administration proceedings of the estate of Russell Lucas, deceased, asking that the probate of the said will theretofore had be set aside on the ground of failure to comply

with the statute in such matters making void the probating of same, further alleging that the said will had been obtained through fraud and undue influence; that said defendant demurred to said petition, which said demurrer was sustained, and no appeal was taken therefrom; and that the judgment of the court on said demurrer had become final. He further averred that the alleged cause of action did not accrue within five years before the filing of this suit. Exhibit A attached to the petition purports to be the last will and testament of the said Russell Lucas, wherein all of his estate, real and personal, was bequeathed to his nephew, William R. Lucas, and appointing him as his sole executor of his will. The said will seems to be executed in due form. Exhibit B to the petition appears to be a judgment of the probate court of date December 23, 1904, admitting said will to probate. The judgment appears to be regular upon its face with a general finding of all jurisdictional facts and adjudging that the said will was duly proved and finding the same to be the last will and testament of the deceased, and that the decedent was in his right mind and competent to make the will, and that there was no duress, menace, fraud, or undue influence inducing the execution of the will. Exhibit C to the petition appears to be a judgment of the county court of date May 27, 1905, ordering a final settlement. Exhibit D seems to be a judgment of the court bearing date of June 2, 1905, adjudging said estate to be fully closed and distributed and discharging the executor.

The Minnetonka Oil & Gas Company filed its separate answer setting up its oil and gas lease with the defendant W. R. Lucas and alleging substantially the matters set up in the answer of W. R. Lucas.

To the answer of the said W. R. Lucas the plaintiffs first replied with a general denial; second, alleging that the will, if executed, was executed when the decedent was unconscious, and that the execution of the same was induced by fraud and undue influence; third, it was alleged that after the notice of the probate of said will plaintiffs employed counsel, and that on the 15th day of ———, 1904, appeared for the purpose of contesting said purported will by alleging the incompetency of the decedent, and that at the time of the execution of the same he was under duress, menace, and undue influence of the said William R. Lucas, and that the pretended will was not executed by the decedent; that thereafter, and on December 3, 1904, the said W. R. Lucas filed his written request to have the court set aside all orders made with reference to said will

and to permit the withdrawal from the files of said will and the petitions for the probating of same, and an order was regularly made permitting the withdrawal of same as requested, and alleged that the court had no jurisdiction thereafter to probate said will in said proceedings; that there was no legal evidence before the court as set out in the judgment probating the same; that the plaintiffs relied upon their attorneys to look after the same, and they knew nothing about the dismissal and refiling of said proceedings until long after the entry of the pretended order probating said will; that they were advised thereafter by their attorneys that they had been defeated and nothing more could be done; that no further appearance had been made in said cause; and that, when they ascertained said facts, the time had expired within which they could appeal. They allege that said proceedings were not res adjudicata. They admit that the proceedings were had in 1909 in the county court as alleged in the petition, except they deny that said proceedings purported to be a decision upon the merits, but alleged the court refused to assume jurisdiction over the matter. To this answer the defendants filed a general demurrer. Thereafter, on the 27th day of February, 1914, both parties appeared by counsel and insisted that the court determine the issue under said demurrer. which demurrer was by the court sustained. Plaintiffs by leave of court filed an amended reply. The legal effect of the facts alleged was materially different from matters set out in the former reply, except they undertake to make all the orders in the probate proceedings in the county court a part of the reply as though set out fully or attached as exhibits thereto. There are no orders shown in the case-made to the effect that said will and the petition to probate the same were withdrawn by an order of court and subsequently refiled. Thereafter, the date of which does not appear, the matter came on for hearing upon a motion for judgment upon the pleadings, which motion was sustained by the court, and judgment entered thereon in favor of said defendants, adjudging plaintiffs entitled to no relief as prayed.

Motion for a new trial was filed, overruled, exceptions saved, extension of time granted for preparing and serving case-made, and plaintiffs' have filed their petition in error in this court, alleging as error: (1) Error of the court in sustaining defendants' motion for judgment upon the pleadings, and in rendering judgment thereon; (2) In overruling the motion for new trial.

In the outset we are presented with a motion to dismiss said proceedings in error on various grounds, some of which defects alleged have been cured since the filing of said motion. We have examined grounds of dismissal, and while we find the record in very bad condition in many respects, yet we are of the opinion that nothing is alleged which will deprive this court of jurisdiction to hear and determine the questions raised on the merits, and the record and the brief filed substantially comply with the rules of this court. We are persuaded the motion to dismiss should be overruled.

Coming to the merits of the case, the record presents the following questions for determination:

(1) Is this proceeding a collateral attack upon the judgment and proceedings in the county court?

(2) If it be a collateral attack, are the conceded facts alleged by plaintiffs in their reply sufficient to show the proceedings and judgment of the county court to be nullity and subject to attack collaterally?

(3) Are the allegations of fraud sufficient to bring the case within the rule permitting a collateral attack upon its judgment?

The first two questions, being connected, will be considered together.

It is the plaintiffs' contention that this is a direct attack upon the judgment and proceedings of the county court, and they base their right to relief here almost wholly upon the rule announced in the case of Brown v. Trent, by Supreme Court Commission No. 2, reported in 36 Okla. 239, 128 Pac. 895. That was a suit filed by the plaintiff Nannie E. Brown and others against the defendants therein named, the purpose of which was to set aside certain deeds of conveyance and a judgment of the probate court for fraud. Plaintiffs alleged that they were in the exclusive possession of the lands involved at all times; that defendants had caused to be filed in the office of the register of deeds certain conveyances to the land purported to have been executed by Mollie K. Trent, a widow, and Annie Borrowman and Catherine Brown, minors, by their guardian, Roy D. Palmer, and one purporting to be executed by the plaintiff Nannie E. Brown as guardian of Annie Borrowman and Catherine Brown. It was alleged that R. O. Trent was a nephew by blood of Nannie E. Brown, and that Roy D. Palmer was a nephew by marriage; that for many years, on account of their relationship, she had full confidence in their integrity and business capacity; that the deeds of conveyance were obtained by fraud and fraudulent representations made to the effect that there were certain instru-

ments of writing necessary to be signed to have her dower assigned in the property involved. She further alleged that she at no time, as guardian or otherwise, had any notice of any proceedings in the court relative to the sale of said lands, and further that one of the alleged minors at the time of said proceedings was of age, and for that reason said proceedings were void. A general demurrer to this petition was sustained by the court, and the appeal was from the judgment sustaining the demurrer. The court, speaking through Commissioner Rosser, held that the attack made on the proceedings of the court by reason of the fraud alleged constituted a direct attack.

The facts of that case fail to show that the judgment of the court recited jurisdictional facts, but, it being a court of record, it may well be presumed that jurisdictional facts were found to exist before any order was made. But we think there is a marked distinction between the facts in that case which the demurrer conceded to be true and the facts in the case at bar. There it was alleged that one of the minors who purported to be acting through a guardian was of age at the time of the proceedings in the court, and that neither the guardian nor the minor had any notice or any knowledge of said proceedings. Necessarily a demurrer admitting these facts to be true would have had the effect to render the judgment void; and whether the court was correct in designating that a direct rather than a collateral attack would be immaterial.

We are clearly of the opinion that this proceeding is a collateral attack upon the judgment and proceedings of the county court; and if so, and the judgment of the court upon its face is regular and fails to disclose affirmatively lack of jurisdictional facts, then this attack must fail, unless sufficient allegations of fraud are alleged in the securing of said judgment to bring the case within the exception to the rule.

In the case of Homer et al. v. McCurtain et al., 40 Okla. 406, 138 Pac. 807, wherein subsequent to the probating of a will plaintiffs sought relief partitioning the property devised under the will, the court said:

"The proceeding is clearly a collateral attack upon the proceedings of the county court in relation to the will, and, in our judgment, it was error to sustain the demurrer to the answer setting up an estoppel."

It was said by this court in the case of Continental Gin Company v. De Bord, 34 Okla. 66, 123 Pac. 159, defining collateral attack:

Second syllabus:

"A 'collateral attack' on a judicial proceeding is an attempt to void, defeat, or evade it, or deny its force and effect, in some incidental proceeding not provided by law for the express purpose of attacking it."

Fourth syllabus:

"When, in a judicial proceeding, the court expressly finds that the defendant is present, such finding is not subject to attack in a collateral proceeding."

And again in the case of Sockey et al. v. Winstock et al., 43 Okla. 758, 144 Pac. 372, quoting from 23 Cyc:

"The term 'collateral,' as used in this connection, is opposed to 'direct.' If an action or proceeding is brought for the very purpose of impeaching or overturning the judgment, it is a direct attack upon it; such as a motion or other proceeding to vacate, annul, cancel, or set aside the judgment, * * * whether by an appeal, error, or certiorari, or a bill of review, or, under some circumstances, an action to quiet title. On the other hand, if the action or proceeding has an independent purpose and contemplates some other relief or result, although the overturning of the judgment may be important, or even necessary to its success, then the attack upon the judgment is collateral."

See, also, Bent v. Thompson, 138 U. S. 114, 11 Sup. Ct. 238, 34 L. Ed. 902; Dixon v. Peacock et al., 43 Okla. 87, 141 Pac. 429; Calloway v. Cooley et al., 50 Kan. 743, 32 Pac. 372.

We think the case last quoted expresses the true and sound rule, and if we follow it as a guide we have no difficulty in placing the present proceedings as coming within the rule of a collateral attack. It will only be necessary to refer to the plaintiffs' petition to ascertain that the primary relief sought is for a partition of the estate involved and an accounting for rents and revenues; and it was not until this case reached that stage where it was necessary to file a reply that any attack was made upon the proceedings of the county court. This being a collateral attack, and the judgment of the county court being regular, and no jurisdictional defects appearing on the face thereof, the plaintiff must fail unless we can say the allegations of fraud are sufficient to bring the case within the exception referred to in the case of Sockey v. Winstock, supra. Coming to the third question, while the plaintiffs attempt to allege fraud and undue influence in the execution of the will, and also fraud in securing the probating of the will, yet we are of the opinion that the facts alleged do not bring the case within the rule entitling them to relief upon that ground. Of course, they could not secure relief by reason of any alleged fraud or undue influence in the exe-

cution of the will unless they further show that defendant's fraud in securing the judgment probating the will prevented them from appearing and contesting the validity of the will in the forum constituted for the determination of such issues. Brown v. Trent, supra. The record shows the court sustained a general demurrer to the first reply filed. The plaintiffs filed an amendment substantially in the same language as was in the first. The general or special allegations undertaking to deny the force and effect of the facts concluded by the judgment would be ineffectual for any purpose as a pleading. The plaintiffs admit notice of the hearing of the petition to probate said will, admit their employment of counsel and their appearance, and the fraud which they assert against the defendants was that upon the order of the court the will and the petition to probate the same were withdrawn, and thereafter refiled without the knowledge of the plaintiffs. While they allege that there was an order made permitting the withdrawal of the will and petition, and they purport to make all of the records and orders in said proceedings a part of their reply as fully as though copied therein, we fail to find any such order anywhere in the case-made, and it may reasonably be presumed that such order does not exist. Such allegations also contradict the facts recited in the judgment in the court. The judgment recited the due publication of the notice of the hearing and proof that such notice of such hearing on the 23d day of December was mailed to the next of kin of said testator, at their several places of residence, which necessarily was finding and adjudication that notice had been given, not for the former hearing, but of the hearing on the 23d of December, 1904. So even conceding that the allegations in the reply that the petition and will were withdrawn in June as alleged while the refiling of the same and the subsequent hearing thereon on the 23d day of December might be irregular, yet if the plaintiffs had notice thereof in the manner provided by law as found by the court, the judgment rendered could not be said to be nullity subject to attack in this collateral proceeding. The following authorities sustain this holding: State v. McGlynn, 20 Cal. 233, 81 Am. Dec. 118; Schultz v. Schultz, 10 Grat. (Va.) 358, 60 Am. Dec. 335.

Again, the court in the case of Homer et al. v. McCurtain, quoting from Ward v. Board of Commissioners of Logan County, 12 Okla. 267, 70 Pac. 378, said:

"Where the probate court, having jurisdiction of the probate of a will, admits such will to probate, and such order and judgment become final, it cannot be attacked collaterally in the district court in a suit in ejectment brought by the heirs to dispossess the devisee under the will of real estate devised to him by the terms of such will."

In addition to that, it is conceded by the record that in 1909 these plaintiffs filed their application in writing in the county court alleging substantially the fraud attempted to be set up in this proceeding, and that upon a demurrer thereto the county court sustained the demurrer, which has become a final judgment. Counsel for the plaintiffs seek to void the legal force of this judgment on the demurrer by saying that the court simply held it had no jurisdiction to determine the merits of the controversy. This contention, however, is untenable. If fraud had been practiced by the defendant, and by reason thereof the plaintiffs were prevented from having their day in court, and the court found that state of facts to be true, the effect thereof would have rendered the judgment probating the will void, and under the statute it might be vacated at any time. Part of section 5274 of the Revised Laws of 1910 reads:

"A void judgment may be vacated at any time on motion of a party, or any person affected thereby."

Upon the motion for judgment on the pleadings and the admission in the reply that this proceeding took place, in connection with the other allegations in the reply of the formal and legal notice of the hearing in the county court, the finding of the court that notice had been legally given to the plaintiffs of the hearing resulting in the judgment we think is sufficient to render the attempted allegations of fraud insufficient to destroy the validity of this judgment by defeating the jurisdiction of the court; while a judgment of a court apparently regular and valid on its face may be attacked for fraud practiced by the successful party in securing the judgment and preventing the party defeated from defending and having his day in court, upon proper allegations, yet the general rule is that the party seeking relief must act with reasonable promptness after the discovery of such fraud. A party cannot delay action an unreasonable length of time after the discovery of fraud and then successfully attack the judgment on that ground.

It may be reasonably inferred from the allegations of the reply of plaintiffs that the alleged fraud now relied upon was known to them, or might have been known by the exercise of ordinary diligence within a short period after the rendition of the judgment of the court probating the will, and delaying action for a period of approximately five years would be an unreasonable time, and might be said to be sufficient itself to defeat

a recovery in this action. Holding, as we do, however, that the judgment is valid, and not subject to collateral attack in this proceeding, it is unnecessary to place our decision upon this point. Holding, as we have, that this is a collateral attack upon the proceeding and judgment in the county court probating the will, and that the judgment there rendered is valid, we are compelled to hold that the court committed no prejudicial error in sustaining the motion for a judgment in favor of the defendants upon the pleadings.

Hence the judgment of the trial court is affirmed.

By the Court: It is so ordered.