## SCHOOL DISTRICT NO. 68, NOBLE COUNTY, v. WOLLINGFORD et al.

No. 5046—Opinion Filed Jan. 16, 1917.

(170 Pac. 901.)

Rehearing Denied Feb. 26, 1918

### 1. Schools and School Districts— Formation or Alteration of Districts—Appeal —Statute.

Section 7781, Rev. Laws 1910, contains full and complete provisions for perfecting appeals from the decision of a county superintendent of public instruction to the board of county commissioners of the county affecting the formation or alteration of, or refusal to form or alter, school districts and for perfecting appeals from the board of county commissioners to the district court of the county in such matters; sections 1640 and 1641, Rev. Laws 1910, have no application to appeals in such cases.

### 2. Same.

Record in cause examined, and found that a sufficient, substantial compliance with the terms and provisions of said section 7781, supra, are shown therein to give the board of county commissioners jurisdiction on appeal from the county superintendent, and the district court of Noble county jurisdiction on appeal from the board of county commissioners, touching the several appeals taken thereunder and consolidated in this action.

(Syllabus by Davis, C.)

Error from District Court, Noble County: W. M. Bowles, Judge.

In the matter of petition of C. W. Wollingford and others to detach certain territory from school district No. 68, in Noble county, state of Oklahoma. The petition was denied by the county superintendent of public in-

struction, and they appealed to the board of county commissioners, where the school district filed a motion to dismiss the appeal, which was denied, and the order of the superintendent was reversed, and the district appealed to the District Court, where the cause No. 766 was consolidated with causes Nos. 799 and 832. There was judgment in the consolidated cases in the district court of Noble county, Okla., in favor of the petitioners or relators, and against school district No. 68, and said school district No. 68 brings error.    Affirmed.

II. A. Johnson, for plaintiff in error.

P. W. Cress, for defendants in error.

Opinion by DAVIS, C. "That on the 28th day of September, 1911, certain electors of school district No. 68 of Noble county Okla., filed their petition with the county superintendent of public instruction of said county, asking that certain territory be detached from said district, and that a new district be formed thereof; that said district objected to the granting of this petition, and on the 5th day of January, 1912, after a hearing before the said superintendent, the petition was denied, whereupon the petitioners served notice upon the said superintendent of their appeal to the board of county commissioners of said county, but no copy of such notice of appeal was filed with any of the clerks of the districts affected by the proposed alteration.    The said district filed its motion to dismiss said appeal before the board of county commissioners.    A special appearance was made for the purpose of the motion only and on the 19th day of February, 1912, the commissioners overruled said motion, and exceptions saved, and the commissioners reversed the decision of the superintendent, and from this decision the district duly appealed to the district court of said county, and the same was there filed as case No. 766.    There the district court sustains the decision of the county commissioners as to said cause No. 766.    The district filed its motion for new trial, which was by the court overruled and exceptions saved.    What has been said as to case No. 766 is also true as to cases No. 799 and No. 832, so far as the appeals from the said county superintendent to the county commissioners are concerned.    The school district appealed cases No. 766 and No. 832 to the district court, and the defendants in error attempted to appeal case No. 799 to the district court from the decision of the county commissioners. But in the attempted appeal no notice was served on any member of the board of county commissioners, but as an attempted substitute therefor the county clerk accepted notice on himself.    And

thereupon the said school district filed its motion in the district court to dismiss said appeal on said grounds, which motion was first sustained, but later reinstated over objections and exceptions of said school district.    The three cases were consolidated by the district court.    The cause as consolidated was then tried to the court without a jury, and quite a volume of evidence taken; but inasmuch as I have decided to stand on the jurisdictional question raised as hereto set forth, I shall not deal with the evidence in the case taken on the trial before the district court."    Brief of Plaintiff in Error, pp. 1-3.

It thus appears that the only questions presented and argued for our consideration and determination in the brief of counsel for plaintiff in error are those mentioned by him as set out in full by us herein, supra, and relate solely to jurisdictional matters.

In the district court of Noble county these three causes were consolidated and tried there on appeal as one cause under No. 832.

Counsel for plaintiff in error, school district No. 68, argues and urges upon the attention of this court in his brief but two propositions assigned as error, the first of which, under subdivision VII, Brief, p. 4, reads as follows:

"The court erred in cases 766 and 779 and 832 in not holding that no legal appeal had been taken in either to the board of county commissioners from the decisions of the county superintendent of public instruction, and in not holding that the said commissioners had no jurisdiction to make the orders they attempted to make,"

Section 7781, Rev. Laws Okla. 1910, which counsel for plaintiff in error quotes from, under the assignment of error, supra, in part, reads in full as follows:

"If ,in the formation of, or refusal to form or alter school districts, any person or persons shall feel aggrieved, such person or persons may appeal to the board of county commissioners: Provided, that notice of such appeal shall be served on the county superintendent within ten days of the time of posting of such notices of the formation or alteration of such district. Such notice shall be in writing and shall state fully the objections to the actions of the county superintendent, a copy of which shall be filed with the county clerk, and also with the clerks of all districts affected by such alteration.    Such appeal shall be heard and decided by the majority of the board of county commissioners at their next regular meeting, and if such appeal is not sustained by them, the county superintendent shall proceed to appoint the time

and place for said first district meeting, which shall then proceed as by law required: Provided, that either party, or any person residing in the school district affected by such formation or alteration, may appeal from the finding of the board of county commissioners to the district court of the county, by filing with the county clerk, within ten days from the action of the board of county commissioners, a notice of appeal. The county clerk shall thereupon make a certified transcript of the proceedings had before the county commissioners, and shall, within twenty days from the filing of said notice of appeal, deliver or transmit to the clerk of the district (court) of his county the said transcript and all of the papers in said case. All further proceedings by the county superintendent shall cease and be stayed upon the filing of said notice of appeal with the county clerk, and like proceedings shall be had in the district court as are provided by law for the hearing and trial of appeals from the judgment of a justice of the peace."

Said counsel then makes the following argument in support of his said contentions:

"There was no notice of appeal filed with any clerk of any of the districts affected in either of the three appeals taken by the defendants in error from the decisions of the county superintendent to the board of county commissioners. In my opinion this is fatal to the jurisdiction of the county commissioners, and, if the county commissioners had no jurisdiction to reverse the decisions of the county superintendent, then the district court had none. The case having been appealed to the district court from the county commissioners, the district court could acquire no greater jurisdiction than had the commissioners. It cannot be claimed that the plaintiff in error at any time waived this question, in either of the three cases, as it filed its motion in each case raising this question, and appearing specially for the purpose of the motions only. And the same question was raised in the district court in each case and on motion for new trial therein. The case of Woolsey et al. v. Nelson et al., 43 Okla. 91. 141 Pac. 436, settles several of the questions raised, showing from what orders appeals may be taken and from what orders appeals may not be taken, and for this reason I shall not make this brief so long as I otherwise would."

We find ourselves utterly unable to accede to the soundness of this proposition and argument, supra. The record affirmatively shows that in all three of these appeals taken by the defendants in error from the decision of the county superintendent of Noble county, Okla., to the board of county commissioners thereof (which said appeals were severally numbered on appeal in the district court of said county 766, 799,

and 832), notice of appeal was duly served on said county superintendent, and that written notice of appeal was duly served upon the clerk of said consolidated school district No. 68. It seems from the record that there was but one clerk of said consolidated school district No. 68 at this time, a Mr. Lambert, with whom a copy of this written notice of appeal served on the county superintendent could be filed. The record shows that said written notices of appeal served on said county superintendent were duly filed with Ike Criegler, county clerk of Noble county, Okla. This, we think, was a substantial compliance with said section 7781, supra, and gave the board of county commissioners of said county jurisdiction on appeal to hear and determine said appeals to it from the said county superintendent.

The second of these propositions, urged and argued by counsel for plaintiff in error and assigned as error we find under subdivision VIII, Brief, p. 6, as follows:

"Said court erred in not holding that no legal appeal had been taken from the decision of the county commissioners to the district court in case No. 779, and therefore the said district court had no jurisdiction to render the judgment attempted to be rendered therein, and the same is void."

To support this counsel for plaintiff in error advances the following for our consideration:

"Section 1640 of the Revised Laws of 1910, among other things, provides: 'From all decisions of the board of commissioners upon matters properly before them, there shall be allowed an appeal to the district court by any person aggrieved, * * * upon filing a bond with sufficient penalty, and one or more sureties to be approved by the county clerk,' etc.

"And section 1641 provides that: 'Said appeal shall be taken within twenty days after the decision of said board, by serving a written notice on one of the board of county commissioners, and the clerk shall, upon the filing the bond as hereinbefore provided, make out a complete transcript of the proceedings of said board relating to the matter of their decision thereon, and shall deliver the same to the clerk of the district court.'

"In the attempted appeal in case No. 779 the defendants in error served no written notice on either of the members of the board of county commissioners of appeal to the district court, but instead had the county clerk accept notice as having been served on him. The statute requires bond to be given and written notice to be served on one of the board of commissioners, and therefore, simply having the clerk to ac-

cept service of the notice as having been served on him, does not comply with the law, and the same is insufficient to give the district court jurisdiction. Both the bond and the notice must be given as required by law, and, this not having been done in this case, the appeal failed. See case of Webber v. Brieger, 1 Colo. App. 92, 27 Pac. 871.

"But it may be contended that if the district court acquired no jurisdiction, then this court has no jurisdiction to render any judgment on appeal from the district court; but this court has settled that question in the case of Hadlock v. County Commissioners, 5 Okla. 574 [49 Pac. 1012], wherein the court said: 'And even if it be held that the judgment of the board of commissioners is a void judgment, still appeal will lie.'

"If I have shown, as I think I have, that no legal appeal was taken from the decision of the county superintendent of public instruction in either of the three cases, then we are entitled to a decision reversing the decision of the trial court, with directions to the district court to remand the three cases to the board of county commissioners, with directions to vacate their decisions in cases Nos. 766 and 832, and sustain the motions to dismiss the appeals in each case. But should the court conclude that a legal appeal was taken in each case from the decisions of the superintendent, and should conclude that no legal appeal was taken from the decision of the county commissioners in case No. 779 to the district court, then we are entitled to have the decision reversed and remanded for further proceedings, as in this case the district court reversed the decision of the commissioners, and, if the decision of the district court in the other two cases were allowed to stand, no one would be satisfied with the decision as it would then stand."

Again we are unable to travel hand in hand with plaintiff in error adown the rosehung pathway of this contention, supra. All defendants in error had to do under section 7781, supra, to give the district court of Noble county jurisdiction of the appeal numbered 779 from the said board of county commissioners, was to file with the county clerk of the county, within 10 days from the action of the board of county commissioners, a notice of appeal. This we find from the record was duly done. This section contains full and complete directions for perfecting an appeal in all such cases from the board of county commissioners to the district court, and sections 1640 and 1641, supra, of our Statutes, have no application thereto.

Cases of interest, as throwing light on the several matters in controversy herein, in addition to those already cited, are: Board of County Commissioners of Garfield County

v. Worrell, 33 Okla. 390, 126 Pac. 785, and Wade v. Eakin, 31 Okla. 640, 122 Pac. 176.

The trial court sitting as a jury, with the parties litigant, the pleadings, the witnesses, the evidence, and the facts before him, after a full and exhaustive hearing and a deliberate consideration of the same under the law, rendered the following judgment:

"In the District Court of Noble County,

State of Oklahoma.

"In re Appeal from the Board of County Commissioners to establish boundary lines of school district No. 68 et al., and cases 766 and 779 consolidated with 832, being cases of similar title involving parts of the same territory.

"Journal Entry.

"And now on this 20th day of September, 1912, the above cause comes on to be heard, the appellants appearing in person and by H. A. Johnson, their attorney in said case No. 832, and the appellees appearing in person and by their attorney, P. W. Cress, whereupon appellees move to dismiss the appeal for want of jurisdiction, which motion is overruled by the court, and the appellees except. Thereupon the appellants in case 766 move the court to reinstate said cause, to which the appellees object, and said cause is by the court's order reinstated and consolidated herewith, to which action of the court the appellees object and except; and thereupon the appellants in case No. 799 move the court to reinstate said cause No. 799, to which action the appellees in said cause object. Thereupon the court reinstates said cause No. 799, to which the appellees except, and said cause is consolidated with said case No. 832, said three cases to be so consolidated by order of the court. Thereupon the respective parties introduced their evidence and rested, and the court takes said cause under advisement until the 3d day of October, A. D. 1912. Thereupon the court, being fully advised in the premises, finds the issues in favor of the decision of the county commissioners in said causes Nos. 832 and 766 and reverses the decision of the county commissioners in said cause No. 799.

"It is therefore considered, ordered, and adjudged and decreed by the court that the petition of said J. M. Mallet et al. for a change of boundary of what is known as 'Old School District No. 43,' township 21, range 2 east, and the petition of J. S. Clifton for change of boundary line of consolidated school district No. 68, township 21 and 22, range 2 east be, and the same is hereby are, denied, to which ruling the appellees duly except. It is further ordered and adjudged that the protest of G. W. Randall et al. be, and the same is hereby, sustained. It is further ordered and adjudged that the order of the commissioners attempting to

cut off sections 1, 2, 3, 10, 11, 12, 13, 14, 15, 22, 23, 24, 25, 26, 27, 34, 35, and 36 from the east side of the consolidated district No. 68 be, and the same is hereby, set aside and held for naught, and said above-described territory is hereby ordered, adjudged, and decree to be included with sections 4, 5, 6, 7, 8, 9, 16, 17, 18, 19, 20, 21, 28, 29, 30, 31, 32, and 33, in township 22, range 2 east, of I. M., Noble county, Oklahoma, together with the northeast one-fourth of section 4 in township 21, same range, county, and state of Oklahoma, be, and the same is hereby, adjudged and decreed to be consolidated district No. 68. It is further ordered, adjudged, and decree that the territory in said petition described as 'Old District No. 43' be, and the same is hereby, declared to be a separate school district, which is more particularly described as follows: The east one-half of sections 6, 7, and 18, and all of sections 5, 8, 9, 16, and 17, and the west one-half and the southeast one-fourth of section 4, and the west one-half of sections 3, 10, and 15, all in township 21, range 2 east, of I. M., Noble county, Oklahoma, are hereby adjudged to be a separate school district, under the name of school district No. 43. It is further ordered, adjudged, and decreed that the county superintendent of Noble county be, and he hereby is, ordered and directed to proceed according to law and issue notices as by law required for the perfection of and organization of said territory into a district by describing its boundary lines, and stating the number thereof, and issuing notices as by law required, and cause said notice so prepared to be posted as by law required, and forthwith appoint a time and place for a special district meeting for said district for the election of officers and the transaction of such business as is prescribed by law for such regular district meetings, and to give such district a proper number, to which order and judgment of the court the appellants except.

"Thereupon the said H. A. Johnson, on behalf of appellants in said causes No. 832 and No. 766, and appellants in No. 799, duly except to each and every part of said order and judgment. Thereupon the said H. A. Johnson, on behalf of the said parties in the three cases so consolidated, files motion for a new trial. And now, on this 28th day of October, A. D. 1912, said motion for a new trial comes duly on to be heard, and the court, being fully advised in the premises, finds the same should be overruled. It is therefore considered, ordered, and adjudged and decreed by the court that the same be, and is hereby, overruled, to which action of the court the said H. A. Johnson, on behalf of said movants, excepts. Thereupon the said movants, by their attorney, H. A. Johnson, move the court for an extension of time to make and serve a case-made, and for good cause shown the said movants are granted ninety days in which to make and serve a case-made, the objectors there-

to twenty days in which to suggest amendments; said case-made to be settled and signed upon five days' notice in writing by either party. Said movants are granted thirty days' stay of execution in which to make a good and sufficient supersedeas bond as by law required, and in case said bond be so given said cause as consolidated and further proceedings therein are ordered stayed one hundred and thirty days, in which time the movants are given to file said appeal to the Supreme Court, and, in case the same is so filed, then the same is stayed until the further orders of this court.

"W. M. Bowles, Judge."

This judgment we hold to be right, to have been rendered with full jurisdiction of all three appeals under Nos. 766, 779, and 832, and therefore the same is affirmed

By the Court: It is so ordered.